ROBERT J. DOOLEY *vs.* CHARLES F. MURPHY.

Suffolk.   November 16, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Municipal Court of the City of Boston,* Appeal.   *Pleading, Civil,* Declaration. *Set-off.*

In an action of contract on an account annexed for services rendered, brought in the Municipal Court of the City of Boston, after the case has been reported to the Appellate Division and an appeal from the order of the Appellate Division has been taken to this court, the defendant cannot in this court set up for the first time the defence that the plaintiff cannot recover on an account annexed because there was a special contract between the parties in regard to the plaintiff's services.

Under R. L. c. 174, § 11, which provides that "Judgment in an action in which a declaration in set-off has been filed shall be rendered in favor of the party to whom a balance is found due for the amount of such balance," in an action of contract on an account annexed for services rendered, where the defendant has filed a declaration in set-off for services alleged to have been rendered to the plaintiff by the defendant and the evidence is conflicting, and where the judge who hears the case finds in favor of the plaintiff for substantially the full amount of his claim, this is equivalent to a finding that the defendant is entitled to recover nothing on his declaration in set-off.

CONTRACT by a constable against an attorney at law on an account annexed for $119.59 for services rendered. Writ in the Municipal Court of the City of Boston dated May 19, 1916.

The defendant's answer as amended contained a general denial and further alleged that before "the bringing of this action the plaintiff and the defendant had an accounting together at which time there was found due the plaintiff a balance of $24."

The defendant also filed a declaration in set-off on an account

annexed for $150 for services rendered by the defendant to the plaintiff. At the trial in the Municipal Court the evidence, as stated in the opinion, was conflicting. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. That upon all the evidence the plaintiff is not entitled to recover.

"2. That upon all the evidence the defendant Murphy is entitled to recover on his declaration in set-off.

"3. That the plaintiff cannot recover an amount greater than was found due by the parties in their accounting together."

The judge found for the plaintiff in the amount claimed. He refused to make the rulings one and two and denied the third ruling because "I do not find that an accounting was made."

At the defendant's request the judge reported the case to the Appellate Division. The Appellate Division made an order dismissing the report and the defendant appealed.

After the order of the Appellate Division and before judgment, the defendant, "acting upon the suggestion contained in the opinion of the Appellate Division," moved that the case might be reopened for the purpose of a hearing on the question of damages. This motion was granted by the trial judge, who after a hearing assessed the damages in the sum of $112.59. The defendant, without waiving his former appeal, filed another appeal from the order of the Appellate Division dismissing the report after the reduction of the damages.

R. L. c. 174, § 11, is as follows: "Judgment in an action in which a declaration in set-off has been filed shall be rendered in favor of the party to whom a balance is found due for the amount of such balance, not exceeding the jurisdiction of the court or trial justice, with costs. If the amounts found due to the respective parties are equal, judgment shall be rendered in favor of each for such amounts and an entry shall be made that the judgments are satisfied by the set-off, with costs to either party, or without costs, as the court orders. If, on the set-off in an action upon a claim assigned to the plaintiff before action is brought, a balance is found due to the defendant, or if a balance is found due from any person other than the plaintiff, judgment shall not be rendered against the plaintiff for the balance."

The case was submitted on briefs.

*C. F. Murphy, pro se.*

*M. J. Doyle,* for the plaintiff.

CROSBY, J. This is an action brought by a constable against an attorney at law to recover fees for services rendered by the plaintiff to the defendant. The defendant filed a declaration in set-off in which he alleged that the plaintiff owed him $150 for services rendered.

The case was tried before a judge of the Municipal Court of the City of Boston, who found for the plaintiff in the sum of $119.59, the full amount claimed. Subsequently the case was reported to the Appellate Division, which dismissed the report. After the entry of the order by the Appellate Division dismissing the report, the defendant's motion to reopen the case for further hearing upon the question of damages was allowed by the trial judge; and after further hearing he assessed the damages in the sum of $112.59.

The defendant's first request, "That upon all the evidence the plaintiff is not entitled to recover," could not properly have been given. If the defendant relied on a special contract made with the plaintiff, he should have raised that question in the Municipal Court; it cannot be presented for the first time in this court. Besides, the defendant admitted he owed the plaintiff $24. Plainly this request could not properly have been given.

The defendant's second request, "That upon all the evidence the defendant Murphy is entitled to recover on his declaration in set-off," also was refused rightly. Whether the defendant was entitled to recover upon his declaration in set-off, depended on the facts as found by the trial judge upon conflicting evidence. Apparently, the judge believed that the demand pleaded in the set-off was without merit and disallowed it. The general finding in favor of the plaintiff for substantially the full amount of his claim disposes of the declaration in set-off and is equivalent to a finding that the defendant is not entitled to recover thereon. R. L. c. 174, § 11. *Sargent* v. *Fitzpatrick,* 4 Gray, 511, 514.

The defendant waives his third request.

Let the entry be

*Order dismissing report affirmed.*