### DIKRAM SERABIAN *vs.* ARAM TATIAN.

Suffolk.   November 21, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Waiver of defence, Prematurity of action.   *Waiver.*

Where, at the trial in the Municipal Court of the City of Boston of an action of contract wherein the declaration was "for money paid for the use of and on and for the account of the defendant," there was evidence that the money was paid by the plaintiff at the defendant's request and the defendant filed several requests for rulings, none of which called attention to the fact that the declaration did not allege that the money was paid at the defendant's request, and the judge found for the plaintiff and the Appellate Division dismissed a report of the case made by the trial judge at the defendant's request and the defendant appealed, it is not open to the defendant to contend in this court that the declaration was bad, because there was no allegation that the money was paid at the defendant's request.

At the trial of the above described action brought on a June 7, it appeared that at the defendant's request the plaintiff had given to him his promissory note with the agreement that the defendant would repay him, that the defendant had negotiated the note, and that the plaintiff had been required to pay the note

to the indorsee. The record showed that some payments by the plaintiff on the note were made a year and ten months before the action was begun, but that the full payment of the note was not completed until six days after the date of the writ. The defendant did not bring to the attention of the trial judge that the final payment was made after the date of the writ and asked for no rulings to the effect that the action was brought prematurely. *Held,* that the defendant could not rely on such a defence in this court, and must be taken to have waived it.

CONTRACT, the declaration, as amended, being in three counts. The first count was for $475 and interest, for money lent. The second count was for the same sum, for money paid and expended to the account of the defendant. The third count was for $521.86 and interest from June 11, 1916, "for money paid for the use of and on and for the account of the defendant." Writ in the Municipal Court of the City of Boston dated June 7, 1916.

After the trial in the Municipal Court, the judge ruled that the plaintiff could not recover on the first count. He found for the plaintiff in the sum of $521.86 and interest from June 11, 1916, and at the request of the defendant reported the case to the Appellate Division. The Appellate Division dismissed the report, and the defendant appealed.

The case was submitted on briefs.

*J. E. Kelley & J. K. Tertzag,* for the defendant.

*T. J. Casey,* for the plaintiff.

CARROLL, J. This is an action of contract with the declaration in three counts. The judge found for the plaintiff; as there was evidence to support the finding we cannot review his conclusion of fact. *Seager* v. *Drayton,* 217 Mass. 571.

Under the third count, there was evidence that the money was paid at the defendant's request. The defendant now contends that the declaration for money paid for the use of and on the account of the defendant, is bad, because it contains no statement that the money was paid and expended at the defendant's request. Although the defendant filed several prayers for rulings, in none of them was the attention of the court called to this question. And no objection appears to have been taken to the form of this count. The point now argued is not open to the defendant. Having failed to call the trial court's attention to the matter he must be deemed to have waived this defence. *Harris* v. *North American Ins. Co.* 190 Mass. 361, 373.

There was evidence that the plaintiff gave his promissory note for $475 to the defendant, with the understanding that the defendant would repay him; that the defendant failed to carry out the agreement; and that the plaintiff paid the note to the indorsee. The writ is dated June 7, 1916. It is the contention of the defendant that the action was brought prematurely because no payment was made by the plaintiff until June 16, 1916. The record, however, shows that the final payment of $117.69 was made on June 13, 1916, and the other payments were made before that time, beginning as early as August, 1914. Even if there were merit in this contention, the defendant cannot now rely upon it, as the question was not brought to the attention of the court, and no ruling was asked upon it. *Harris* v. *North American Ins. Co. supra. Lyon* v. *Prouty*, 154 Mass. 488.

We have examined all the defendant's exceptions and find no error of law in the conduct of the trial.

                              *Order dismissing report affirmed.*