ALBERT S. WOODWORTH *vs.* ANDREW G. FULLER.

Essex.    March 8, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Set-off. Practice, Civil,* Verdict, New trial.

Where a defendant in an action of contract files a declaration in set-off setting forth a claim which is a proper subject of set-off, he has a right to a determination of the question, whether he is entitled to recover the whole or any part of his claim.

Where such an action is referred to an auditor who finds for the plaintiff in the main action and that there was no right of recovery upon the declaration in set-off, and the case thereafter is tried before a jury, the auditor's report being introduced in evidence, if the jury find for the plaintiff in the sum found by the auditor with interest, this, in the absence of any specific finding upon the declaration in set-off, will not warrant the inference that the jury also intended to adopt the auditor's other finding and to deny recovery upon the declaration in set-off.

Where, after the rendering of a verdict in such an action which does not include a finding upon the declaration in set-off, the defendant files a motion for a new trial on the ground that the jury, "in assessing said verdict, did not make a finding upon the declaration in set-off," the judge is not warranted in denying the motion on the ground that he is " convinced that they [the jury] intended to follow the reports of the auditor, and to find for the defendant in set-off, and believed they accomplished this end by reporting simply a verdict for the plaintiff in the main action."

CONTRACT for personal services during the years 1901 to 1904, inclusive, and for money lent. Writ dated September 6, 1910.

The defendant in his answer set up a general denial, payment and the statute of limitations, and also filed the declaration in set-off described in the opinion, to which the plaintiff answered by alleging a general denial, payment and the statute of limitations.

The case was tried before *Wait,* J. The course of the trial, so far as material to these exceptions, is described in the opinion.

A motion of the defendant for a new trial and the judge's ruling thereon also are described in the opinion.

Being of opinion that the correctness of his ruling upon the motion for a new trial ought to be determined by this court, the judge reported the case with the stipulation that, if the ruling was erroneous, the case was to be remanded to the Superior Court for a new trial upon all the issues; otherwise, judgment was to be entered for the plaintiff upon the verdict.

*R. L. Sisk,* for the defendant.

*J. J. Ronan,* for the plaintiff.

CROSBY, J. This is an action of contract brought to recover $1,600 for services rendered to the defendant. The defendant filed a declaration in set-off claiming $6,624 from the plaintiff for board and lodging. The case was referred to an auditor who found for the plaintiff in the sum of $300; and, upon the case being recommitted to him, found that the defendant was not entitled to recover upon his declaration in set-off.

The case afterwards was tried before a jury who returned a verdict for the plaintiff in the sum of $435.54, but returned no verdict upon the defendant's declaration in set-off. The defendant filed a motion for a new trial upon certain grounds and because the jury "in assessing said verdict, did not make a finding upon the declaration in set-off." The presiding judge heard the motion without the introduction of any evidence, and made the following ruling: "In the case No. 10687 the jury, by inadvertence I am satisfied, returned no verdict on the defendant's declaration in set-off. I am convinced they intended to follow the reports of the auditor, and to find for the defendant in set-off; and believed they had accomplished this end by reporting simply a verdict for the plaintiff in the main action." The motion was denied; and the case is before us on a report of the judge which raises the question of the correctness of the foregoing ruling.

Where, as in this case, a defendant files a claim which properly is the subject of set-off, he is entitled to a determination of the question whether he may recover the whole or any portion thereof; and it is provided in part by R. L. c. 174, § 11, that "Judgment in an action in which a declaration in set-off has been filed shall be rendered in favor of the party to whom a balance is found due for

the amount of such balance, not exceeding the jurisdiction of the court. . . ."

The plaintiff, however, contends that the ruling of the judge shows that the jury passed upon the defendant's claim in set-off, that the finding for the plaintiff is the amount found due by the auditor, with interest, and that the jury accordingly found against the defendant's claim in set-off.

The report states that the auditor's reports were introduced in evidence at the trial, together with other evidence offered by both parties. The record does not expressly show that the defendant's declaration in set-off was considered by the jury, nor can such action on their part be inferred; there is nothing before us to show that they intended to follow the reports of the auditor, aside from the fact that the verdict equalled the amount of his finding, with interest.

If it be assumed from the finding that the jury were satisfied that the plaintiff was entitled to recover upon his declaration the amount found due by the auditor, it does not appear that they passed upon the defendant's claim, or, if they considered it, that they arrived at any decision respecting it. They may by inadvertence or oversight have failed to include it in their deliberations, or they may have failed to agree upon it. In the absence of any questions put to the jury or of any statement made by them when the verdict was returned, it does not seem to us it could properly have been ruled that they intended to find against the claim filed in set-off; the defendant is entitled to have his alleged cause of action determined.

The case of *Dooley* v. *Murphy*, 229 Mass. 72, cited by the plaintiff, is clearly distinguishable from the case at bar. That case was tried by a judge without a jury; and it plainly appeared that his attention was directed to the declaration in set-off and that it was passed upon by him.

The case of *Parent* v. *Smith*, 160 Mass. 314, also cited by the plaintiff, is not at variance with the conclusion reached in the present case.

In accordance with the terms of the report, a new trial is to be had in the Superior Court upon all the issues.

*So ordered.*