ALBERT S. WOODWORTH *vs.* ANDREW G. FULLER.

Essex.    March 9, 1920. — April 2, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Evidence,* Pleadings.

Where, in an action of contract, the plaintiff, after an auditor to whom the action was referred had filed a report, amended his declaration so that he claimed an amount more than $2,400 larger than that claimed in the original declaration and the action was recommitted to the auditor who filed a supplemental report, it is not a violation of R. L. c. 173, § 85, for the defendant's counsel, in cross-examination of the plaintiff at a subsequent trial of the action before a jury, while holding the pleadings in his hand to inquire when the plaintiff first had made the claim which was the basis of his action and whether he had not prepared and given to his counsel a statement in which he fixed the amount claimed at a sum considerably smaller than that to which he had testified.

CONTRACT for personal services rendered during the years 1901–1904, and for money lent.    Writ dated September 6, 1910.

The action was referred to an auditor, who filed a report on September 23, 1912.    Thereafter the defendant, Fuller, moved for leave to file a declaration in set-off and to recommit the case to the auditor.    The motion was allowed and the declaration in set-off was filed on December 9, 1914, alleging that Woodworth owed Fuller the sum of $4,190 for board and lodging of Woodworth and his wife from 1905 to and through 1910.    On October 6, 1915, Fuller filed an amended declaration in set-off alleging that Woodworth owed him the sum of $6,624.    This amended declaration in set-off was recommitted to the auditor, and on November 6, 1915, he filed a supplemental report.

The action then was tried before *Wait,* J.    The jury found for the plaintiff in the sum of $435.54, making no finding on the declaration in set-off.    A motion for a new trial on the ground that the jury had failed to make a finding upon the declaration in set-off erroneously was denied, and, upon a report to this court of that ruling, a new trial of all the issues was ordered in a decision reported in 230 Mass. 160.

There was a second trial before *N. P. Brown,* J.    Material

evidence and exceptions by the defendant, plaintiff in set-off, are described in the opinion. The jury found for Fuller on the main declaration, and also for him on the declaration in set-off in the sum of $156; and Fuller alleged exceptions.

*R. L. Sisk,* for Fuller.

*J. J. Ronan,* for Woodworth.

JENNEY, J. The sole controversy is upon the exceptions of the defendant Fuller to the admission of evidence which was elicited on his cross-examination, and which related to his declaration in set-off. The defendant contends that the evidence was improperly received, solely because it infringed upon his rights under R. L. c. 173, § 85, which provides that "Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party who makes them." The exceptions were taken at a trial, after the decision in this case reported in *Woodworth* v. *Fuller,* 230 Mass. 160.

The action was brought on September 6, 1910, and on September 23, 1912, an auditor's report was filed. On February 9, 1914, Fuller was permitted to file a declaration in set-off in which he claimed that Woodworth owed him $4,190 for board and lodging, "from 1905 up to and through 1910." On October 6, 1915, an amended declaration in set-off was filed and allowed, in which Fuller claimed to recover $6,624 for board and lodging furnished from May 1, 1901, to August 5, 1910; and the case was recommitted to the auditor.

During the cross-examination of Fuller he was interrogated, subject to exceptions, as to when he first prepared the account which appears in his amended declaration in set-off; when he first furnished his attorney the information on which that declaration was based; whether he had prepared any such account before his testimony at a previous trial of the case; and whether he did not at some time give to his attorney a statement in which he claimed that all that was due him was $4,100. The inquiry was repeated several times, and Fuller answered: "I couldn't say." "I don't know." "I don't remember." Finally, subject to exception to the questions, the following questions and answers ensued: — "Q. Did you at any time furnish . . . a statement of what you claimed Stanley R. Woodworth owed you, amounting to $4,190 odd?" After objection had been made a discussion followed and the judge said, "It may appear in the record that while he is asking the

question, Mr. [M. L.] Sullivan [counsel for Woodworth] stands with the pleadings in his hand." The examination continued: "Q. Did you . . . prepare any such statement? A. Mr. [M. H.] Sullivan prepared a statement. I couldn't say how much it was. . . . Did you give him that information? A. Yes, sir. Q. And your information that you gave him and that you prepared for him there, amounted to $4,100? A. I couldn't say. . . . Q. When did you make it? A. I couldn't say when I did make it. I know I gave him the information that he wanted and he made it out, but I couldn't say just when it was. Q. Did you give him information more than once? A. I couldn't say I did, but still I don't know. I couldn't say."

The questions and answers quoted graphically state the situation. Without referring to the increase in the amount sought to be recovered by reason of the amendment, but holding the pleadings in his hand, counsel for Woodworth in substance asked Fuller when he had first made the claim which is the basis of his set-off and whether he had not prepared and given to his counsel a statement in which he fixed the amount claimed at a sum considerably smaller than that to which he had testified. No claim was then or is now made that the evidence was not relevant to the issues in the case or that the inquiry was improper for any reason except that involved in the statute.

The statute frequently has been construed, and any detailed discussion or citation of authorities as to its effect is not required. It makes no change in the admissibility of evidence, except as necessarily required by its plain terms, and the limitation relates solely to the evidentiary use of the pleadings. It does prevent comment on a change in the pleadings by amendment, (*Demelman* v. *Burton*, 176 Mass. 363,) and no comment was made. It does not forbid proper reference to any inconsistency in the conduct or statements of a party or witness. The only references made to the pleadings were those caused by the statements of the attorney for Fuller in his objections to the questions propounded. There was no impropriety in the use made of the pleadings. The questions did not relate to their contents, but to "declarations material to the issues on trial." See *Hutchinson* v. *Plant*, 218 Mass. 148, 157, and *Commonwealth* v. *Russ*, 232 Mass. 58, 81.

The pleadings define and limit the issues in a case. It is cus-

tomary and proper for counsel in opening not only to state to the jury what they expect to prove, but to define the nature of the questions involved. In this Commonwealth from time immemorial, in opening, the pleadings have been read to the jury. Howe's Practice (1834) 252. Colby's Practice (1848) 238. At the close of a trial, the writ and declaration and answers in their final form customarily go to the jury. See *Smith* v. *Holcomb,* 99 Mass. 552, 555. It is not necessary to consider whether this practice is founded on right rather than upon discretionary authority.

It is clear that the exceptions show no reversible error, and that they must be overruled, and it is

*So ordered.*