WALKER BROS. COMPANY *vs.* ARTHUR E. COX.

Suffolk.    January 19, 1921. — March 10, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Practice, Civil*, Report.   *Contract*, Modification, Performance and breach.

Where, at the trial of an action of contract, a certain ruling was made at the request of the plaintiff and subject to an exception by the defendant, certain rulings asked for by the defendant were refused subject to exceptions by the defendant and, after answers by the jury to special questions submitted to them, a verdict was ordered for the plaintiff in accordance with the answers to the special questions and subject to an exception by the defendant and thereupon the judge reported the case to this court "by agreement of counsel, upon the stipulation that, if upon the law and facts and findings of the jury herein set forth the defendant is entitled to a verdict, judgment shall be entered for the defendant, otherwise judgment for the plaintiff on the verdict," no new trial can be ordered.

If, at the trial of an action upon an agreement appearing in a memorandum of sale by the defendant to the plaintiff of fifty barrels of lime juice "to be taken in five barrel lots on or before June 1," evidence is offered by the plaintiff and admitted without objection or exception by the defendant that, after the plaintiff had taken all but thirty-five barrels in five barrel lots and on May 26 had demanded the remaining thirty-five barrels and the defendant had delivered five barrels on May 29, the defendant after June 1 promised to ship the balance of the order and on August 7 delivered one more barrel but thereafter made no further deliveries; and if, also without objection or exception by the defendant, a special question is submitted to the jury, "Did the parties prior to June 1 agree to extend time for delivery?" which the jury answered "Yes," it clearly appears that the action was not tried with the rights of the parties restricted by the declaration; and, on a report of the case after the return of a verdict by order of the judge in accordance with other questions asked by the judge, no question of pleading is open.

Upon the evidence and answer of the jury above described, a verdict could not be ordered for the defendant.

A contract, evidenced by a letter confirming an order for the sale of fifty barrels of lime juice "to be taken in five barrel lots on or before June 1," may be modified by an oral agreement extending the time for delivery, entered into before June 1, after the seller had delivered fifteen barrels in five barrel lots, and, upon the plaintiff on May 26 demanding the remaining thirty-five barrels, had delivered five barrels more on May 29.

CONTRACT upon an agreement made by a letter quoted in the opinion.   Writ dated October 20, 1919.

In the Superior Court, the action was tried before *Morton*, J.

Material evidence is described in the opinion.  At the close of the evidence, at the request of the plaintiff and subject to an exception by the defendant, the judge ruled: "If the plaintiff demanded of the defendant the balance of the lime juice due him under the contract of February 11, 1919, on May 24 or 26, 1919, he was entitled to receive it from the defendant and the defendant cannot escape liability on the ground that he was unable to deliver so much lime juice within so short a time."  The judge also gave instructions as to the rights of the parties under the extension of time for delivery to which no exceptions were taken.

Subject to exceptions by the defendant, the judge refused his requests for the following rulings:

"9. That the plaintiff was entitled to lime juice only in five barrel lots.

"10. That if the plaintiff asked for thirty-five barrels before June 1 it was not a proper demand under contract.

"11. In order to hold the defendant liable, the plaintiff must have demanded the balance of the lime juice in five barrel lots before June 1.

"12. If the plaintiff delivered all the five barrel lots of lime juice demanded before June 1, he is not liable in damages."

The judge submitted questions to the jury, which, with the jury's answers, were as follows:

"1. Did the plaintiff demand thirty-five barrels on or before June 1?"  Answer, "Yes."

"2. Did the parties prior to June 1 agree to extend time for delivery?"  Answer, "Yes."

"3. What were the damages?"  Answer, "$479.17 including interest at six per cent."

The judge, upon the return of the foregoing answers, ordered a verdict for the plaintiff in the amount of $479.17, subject to an exception by the defendant, and reported the case to this court "by agreement of counsel, upon the stipulation that if, upon the law and facts and findings of the jury herein set forth, the defendant is entitled to a verdict, judgment shall be entered for the defendant, otherwise judgment for the plaintiff on the verdict."

The case was submitted on briefs.

*F. P. Garland & A. Leonard,* for the plaintiff.

*E. M. Schwarzenberg,* for the defendant.

JENNEY, J.  By the terms of the report under which this case has been heard and upon which it must be decided, the plaintiff, in accordance with the stipulation of the parties, gets judgment,. unless "upon the law and facts and findings of the jury . . . the defendant is entitled to a verdict."  While the report states that the defendant excepted to the ordering of a verdict on the evidence and the answers to the questions submitted, its form does not permit a new trial in case this or any other exception was well taken, unless as matter of law he was entitled to a verdict.

The plaintiff claims damages for breach of a contract, unperformed in part, evidenced in writing as follows:

"Feb. 11, 1919.

Messrs. Walker Bros. Co.,
  Boston, Mass.
Dear Sirs:

We enter your order for 50 barrels of Refined Lime Juice @ 80c per gallon 1% 10 days f. o. b. 93 Central Street.

Barrels charged, allowed for when returned in good condition. Goods to be taken in 5 bbl. lots on or before June 1st, 1919.

Very truly yours,
J. P. W. von Laer & Co."

The signature is admitted to be that of the defendant, who apparently did business under the name signed to said letter.

Deliveries were made under this contract in lots of five barrels each on March 10, 14, May 5 and 29, 1919.  On May 26 of that year, a demand was made upon the defendant for the thirty-five barrels of lime juice then undelivered.  No other demand was made prior to June 1, 1919.

The defendant testified that lime juice would not keep for any length of time in barrels, and that it was necessary to rectify or clarify it as ordered; that although he had plenty of crude lime juice with which to satisfy the final order, he could not clarify more than fifteen to twenty barrels per week; that it was a physical impossibility for him to fill the demand referred to before June 1, 1919, on which day he claims his obligation ceased because of the plaintiff's failure to order in five barrel lots; that he had repeatedly requested the plaintiff to give him shipping instructions, but that such had not been given except as above stated.  He fur-

ther testified that the plaintiff knew it would be physically impossible for him to turn out so large a quantity in so few days. This the plaintiff denied.

The plaintiff testified that the defendant, after giving the final order and before June 1, 1919, promised to deliver the lime juice to it at a later date, and that the company consented to this change in time; that in several conversations subsequent to June 1, 1919, the defendant promised to ship the balance of the order. The jury, answering a question submitted to them, found that the parties prior to June 1 agreed to extend the time for delivery. The question was not so framed as to require any broader answer than that stated. There was evidence that the defendant did on August 7, 1919, deliver one barrel under the contract.

The evidence so introduced and the question submitted, both without objection or exception, clearly show that the case was not tried with the rights of the parties restricted by the declaration; hence no question of pleading is now open. *Shannon* v. *Willard,* 201 Mass. 377. *Serabian* v. *Titian,* 229 Mass. 191.

Apart from any question of the interpretation of the original contract, the jury found that the time for delivery was extended before June 1, 1919. They could further have found that the defendant did agree before then to deliver at a later time the thirty-five barrels ordered May 26, 1919, and that he failed to do so. Hence no verdict could have been ordered in the defendant's favor. The parties could orally modify the time and manner of performance fixed in the contract. *Freedman* v. *Gordon,* 220 Mass. 324. *Gouzoulas* v. *F. W. Stock & Sons,* 223 Mass. 537. *Roxbury Painting & Decorating Co.* v. *Nute,* 233 Mass. 112.

It is unnecessary to consider the defendant's remaining exceptions. Even if all were well founded, none went to the gist of the action and if sustained requires a defendant's verdict.

*Judgment for the plaintiff on the verdict.*