DORAL COUNTRY CLUB, INC. *vs.* THOMAS D. O'CONNOR, II.

Suffolk.    October 8, 1968. — December 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Civil*, Summary judgment. *Law or Fact. Contract*, Construction. *Guaranty*.

Although, in an action on a note, the authenticity of the defendant's signature to the note was put in issue by his answer, a judge hearing a motion by the plaintiff for summary judgment under G. L. c. 231, § 59, as amended by St. 1955, c. 674, § 1, might properly conclude that that issue was no longer a genuine one where an affidavit in support of

the motion stated in effect that the defendant signed the note and a counter affidavit for the defendant did not deal with the issue. [30]

A counter affidavit under G. L. c. 231, § 59, as amended by St. 1955, c. 674, § 1, purportedly putting in issue the nature of an unambiguous writing on which the action was brought raised only a question of law and not an issue of material fact. [31]

An instrument setting forth a direct and original promise by the signer to pay a named payee a specified amount which was the amount of an existing indebtedness of a third party to such payee was not a guaranty. [31]

In an action on an instrument, not a guaranty, but setting forth a direct and original promise by the defendant to pay the plaintiff a specified amount which was the amount of an existing indebtedness of a third party to the plaintiff, a conclusion stated in an affidavit in support of a motion by the plaintiff for summary judgment under G. L. c. 231, § 59, as amended by St. 1955, c. 674, § 1, that the third party "owes" the plaintiff such amount, related to an immaterial matter and did not render the affidavit defective whether or not the conclusion conformed to the requirement of the statute that affidavits be based "on personal knowledge of admissible facts as to which it appears affirmatively that the affiants would be competent to testify." [31]

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 31, 1966.

Upon removal to the Superior Court, a motion for summary judgment by the plaintiff was allowed by *Pecce, J.,* and the defendant appealed.

*J. Owen Todd* for the defendant.

*Julius Thannhauser* for the plaintiff.

SPALDING, J. The declaration in this action of contract contains three counts. The first and second alleged that the defendant had made a note in the amount of $9,540.11, payable to the plaintiff, the second differing from the first only in the allegation that the plaintiff had demanded payment without success. The third count alleged that Walter H. Woods Company (Woods) owed the plaintiff $9,540.11; that the defendant had agreed to pay the debt in consideration that the plaintiff would forbear to sue Woods; and that the plaintiff did forbear but the defendant did not pay the debt.

The defendant's answer consisted of (1) a general denial, (2) a denial of the genuineness of the signature on the note, and (3) an allegation that the note and guaranty declared on contained a condition which had not been fulfilled.

The plaintiff made a "motion for judgment on undisputed facts" in which it stated that the action involved no genuine issue of material fact but only questions of law. The plaintiff asked for summary judgment in the amount of $8,540.11,[1] with interest from November 10, 1965, the date of demand. In support of its motion the plaintiff filed an affidavit of Mr. Sol Katz (who had been the plaintiff's attorney in connection with the transactions involved in the action) in which Mr. Katz stated that the matters set forth in the affidavit were within his personal knowledge. The affidavit recites that Mr. Katz, on behalf of the plaintiff, had agreed with Woods' attorney, Robert J. Richards, Jr., not to sue Woods if its treasurer, the defendant, "would guarantee in writing Woods' debt to . . . [the plaintiff]." Attached to the affidavit was the instrument declared on and a letter dated September 27, 1965, from Mr. Richards to Mr. Katz. In this letter, Mr. Richards stated that he was "enclosing herewith note of Mr. O'Connor representing his agreement to pay the indebtedness of Walter H. Woods Company to Doral Hotel & Country Club . . ." and that "Mr. O'Connor has every intention of seeing to it that your client is paid in full for the amount owed by Walter H. Woods Company."

The defendant's counter affidavit, made by Mr. Richards, stated that genuine issues of material fact were involved. The affidavit recited that the plaintiff had sued Woods in the Superior Court for money owed to it by Woods; that this action is still pending; that the parties intended the note to be in the nature of a guaranty, on which the defendant could not be liable unless Woods' debt to the plaintiff was established in the other pending action; and that this had not been done. The judge allowed the plaintiff's motion for summary judgment. The defendant appealed. G. L. c. 231, § 96.

---

[1] The difference between this amount and the amount mentioned in the declaration ($9,540.11) is due to the fact, that as the plaintiff's affidavit reveals, the indebtedness was reduced by a payment of $1,000 on or about October 31, 1966.

General Laws c. 231, § 59, amended through St. 1955, c. 674, § 1, provides in part that a motion for judgment on undisputed facts "may be accompanied by affidavits on personal knowledge of admissible facts as to which it appears affirmatively that the affiants would be competent to testify. The facts stated in the accompanying affidavits shall be taken to be admitted for the purpose of the motion unless . . . contradictory affidavits are filed . . . . If admissions in the pleadings . . . or affidavits hereunder show affirmatively, that except as to the amount of damages no genuine issue of material facts exists and that there is nothing to be decided except questions of law, an order for default, or judgment for the moving party, shall forthwith be entered if he shall be entitled thereto as a matter of law . . . ." In contending that the plaintiff's motion should have been denied, the defendant argues both that there were genuine issues of material fact and that the plaintiff's affidavit and motion were defective under § 59.

1. The defendant urges that there was an issue of material fact concerning the genuineness of the signature. Although this issue was raised in the answer, the judge could very well have concluded that this no longer was a genuine issue of fact. In effect, Mr. Katz in his affidavit stated that O'Connor signed the note. If there were any question about the genuineness of O'Connor's signature the appropriate way for him to have raised the point would have been in the counter affidavit; but this course was not pursued. The counter affidavit, as noted above, relied on other defences; it contained no evidence attacking the validity of the signature. In these circumstances the judge rightly concluded that the authenticity of the signature was no longer a genuine issue of fact in the case. *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597, 604, and cases cited. As the New York Court of Appeals, by Cardozo, J., said in *Richard* v. *Credit Suisse,* 242 N. Y. 346, 350, "The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial."

The other issue of material fact, according to the defendant, is whether the instrument was a guaranty. The counter affidavit states that the document was only a guaranty and the defendant is liable only if Woods was in fact indebted to the plaintiff. But the nature and purpose of the instrument, which is unambiguous, is not a question of fact. "The construction of the words of the parties, being entirely in writing, is a matter of law for the court." *Ingalls* v. *Green*, 337 Mass. 444, 447. *Wright* v. *Commonwealth*, 351 Mass. 666, 672. The counter affidavit did not raise any issues of material fact and was ineffectual.

2. The defendant argues that, regardless of whether any issues of material fact existed, the plaintiff's motion and affidavit are defective under G. L. c. 231, § 59. That section requires affidavits to be based "on personal knowledge of admissible facts as to which it appears affirmatively that the affiants would be competent to testify." The defendant urges that the conclusion in Mr. Katz's affidavit that "Woods owes Doral $9,540.11" would not be admissible at trial. We do not reach that question. The instrument declared on was a simple contract with the defendant. It was not a guaranty involving a third party, because the defendant's obligation, unlike a guarantor's, ran directly and originally to the plaintiff. See *Allen* v. *Herrick*, 15 Gray, 274, 285; *Thayer* v. *Wild*, 107 Mass. 449, 452; *Charlestown Five Cents Sav. Bank* v. *Wolf*, 309 Mass. 547, 549; 38 Am. Jur. 2d, Guaranty, § 3. Therefore the existence of a debt between Woods and the plaintiff and the admissibility of Mr. Katz's conclusory statement about that debt are immaterial.

The defendant further argues that the alleged conversation between Mr. Katz and Mr. Richards, without a sufficient foundation, would be inadmissible at trial. We do not pause to determine its admissibility, for even if the conversation was not admissible, the sufficiency of the affidavit would not be affected. While conceivably this conversation might have had a bearing on the issue of consideration, no such question has been raised.

*Order for judgment affirmed.*