AEROSTATIC ENGINEERING CORP. vs. CHESTER
SZCZAWINSKI, trustee.

Middlesex.    December 18, 1972. — March 2, 1973.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Practice, Civil,* Summary judgment; Exceptions: what questions open.
*Evidence,* Extrinsic affecting writing. *Pleading, Civil,* Answer.
*Contract,* Building contract, Performance and breach. *Set-off.*
*Damages,* For breach of building contract. *Words,* "Pleadings."

In an action for breach by the defendant of the payment provisions of a
written construction contract with the plaintiff, there was no merit in
contentions of error in the allowance of the plaintiff's motion for
summary judgment under G. L. c. 231, § 59, in that a genuine issue of
material fact existed by reason of a differing prior oral agreement
between the parties with respect to the terms of payment, where the
unmistakable and unequivocal terms of the contract represented
their complete agreement on that subject [142-143]; or in that the
issue of fraud, raised by the defendant for the first time in his brief,
created a genuine issue [143]; or in that genuine issues were raised by
the defendant in the affirmative defences pleaded, where such issues
were omitted from his counter affidavit, and in a deposition he
unequivocally admitted liability [143-144].

The provision of G. L. c. 231, § 59, permitting the filing of a motion for
summary judgment "after the completion of the pleadings" does not
preclude the filing of such a motion prior to the expiration of the time
within which "interrogatories" may be filed under Rule 36 of the
Superior Court (1954). [144]

In an action for breach by the defendant of the payment provisions of a
written construction contract substantially performed by the plain-
tiff before terminating it, there was no merit in a contention of error in
the allowance of the plaintiff's motion for summary judgment under
G. L. c. 231, § 59, in that such termination raised an issue of breach of
contract by the plaintiff, where the defendant in a deposition
admitted his indebtedness; his substantial breach by failure to pay
the large sum due justified termination by the plaintiff and dismissal
of the defendant's declaration in set-off seeking reimbursement for
the cost of completion. [144-145]

The damages of a builder for breach of the payment provisions of an
uncompleted construction contract justifiably terminated by him is

the contract price less the cost of completion which he would have incurred had he completed the work, or in the alternative, the fair value not in excess of the total contract price of the work done and the materials furnished prior to termination. [145]

CONTRACT. Writ in the Superior Court dated September 24, 1971.

A motion for summary judgment was allowed by *Tomasello,* J.

*Bruce N. Sachar* for the defendant.

*John D. O'Reilly, III,* for the plaintiff.

ROSE, J. The plaintiff, pursuant to a written agreement with the defendant, performed a substantial part of a $60,000 contract before terminating it because of the defendant's asserted refusal to make payments as they became due under the contract. The plaintiff seeks in one count to recover $54,000 allegedly due under the contract and in a separate count to recover the same amount on an account annexed for labor and material furnished to the defendant. The plaintiff filed a motion for judgment on undisputed facts under G. L. c. 231, § 59, as amended through St. 1965, c. 491, § 1, which makes summary judgment available when there is no genuine issue of material fact to be determined but only questions of law. The defendant, besides filing a counter affidavit, had filed a declaration in set-off seeking to recover certain monies because of the plaintiff's termination of the contract. A deposition of the defendant taken by the plaintiff was also before the court at the time of the hearing on the motion. After a hearing, the court below allowed the plaintiff's motion.

In his bill of exceptions the defendant argues that his counter affidavit, affirmative defences and declaration in set-off raised four issues of material fact and that therefore the plaintiff's motion for judgment on undisputed facts should not have been granted. We disagree.

1. The defendant first argues that there was a prior oral agreement between the parties with respect to the terms of payment, differing from those unambiguously spelled out in the written contract. He suggests that this under-

standing raises a disputed fact and therefore defeats the statutory requirement that there be no genuine issue of material fact. The ninth clause of the contract provides in unmistakable and unequivocal terms the amount due to the plaintiff under the contract and the terms of payment. It is clear to us, from reading the document, that this represented the complete agreement between the parties with respect to the terms of payment. It could not be more clear that this is a case where the parol evidence rule precludes evidence of prior or contemporaneous oral agreements that vary or modify the terms of a subsequent unambiguous written contract. *Trahant* v. *Perry,* 253 Mass. 486, 487-488. *Schuster* v. *Baskin,* 354 Mass. 137, 141.

2. The defendant next argues that the issue of fraud which he raised in his brief for the first time creates a genuine issue. It cannot now be considered. It is basic that the failure to allege fraud affirmatively in the pleadings precludes one from relying on it later. *Barron* v. *International Trust Co.* 184 Mass. 440, 443. *Kerrigan* v. *Fortunato,* 304 Mass. 617, 620. *Gedart* v. *Ejdrygiewicz,* 305 Mass. 224, 228. Furthermore, this court cannot now decide an issue that was not before the trial court. *Serabian* v. *Tatian,* 229 Mass. 191, 192; *Taxi Service Co.* v. *Gulf Refining Co.* 252 Mass. 314, 319.

3. The defendant raises other issues in his pleadings by way of affirmative defences but they are omitted from his counter affidavit. It was implicit in the trial judge's ruling that they no longer were genuine issues. This was proper. *Doral Country Club, Inc.* v. *O'Connor,* 355 Mass. 27, 30. In any event the defendant made certain admissions of liability in the deposition which clearly eliminate these issues.

The defendant argues, citing *McMahon* v. *M & D Builders, Inc.* 360 Mass. 54, that the admissions in the deposition cannot be conclusive because during a trial on the merits these admissions might be controverted by additional testimony from the defendant himself or other witnesses. The court in the *McMahon* case was faced with a different situation, however. Before it was a summary of

material facts which included answers to written inter-
rogatories without the questions. The court said, " . . . since
the interrogatories are not in the record, we do not know the
scope of inquiry which produced their answers. Since the
answers must be responsive, they are limited by the
language of the interrogatories. We cannot assume or
conclude that the plaintiffs, at a trial on the merits, would
be unable . . . to present evidence in addition . . . ."
*McMahon* v. *M & D Builders, Inc. supra,* at 61.

The record before us is much more conclusive. Here, the
defendant in his deposition unequivocally admits his liabil-
ity. Not only is the evidence clear and compelling, but it is
difficult to imagine what additional or contradictory testi-
mony might be forthcoming from a trial on the merits
which the defendant could not have set forth in a counter-
affidavit filed in opposition to the allowance of the motion.

4. The defendant argues that this motion for judgment
has been filed prematurely because G. L. c. 231, § 59, as
amended through St. 1965, c. 491, § 1, provides that the
motion may only be filed "after the completion of the
pleadings" and that this motion was filed prior to the
expiration of the time for filing interrogatories. There is no
basis for the contention that § 59 requires a party to wait
one year, the period within which interrogatories may be
filed under Rule 36 of the Superior Court (1954) before
filing such a motion. We reject the defendant's contention
as unsound and unwarranted. Moreover, interrogatories
and the answers thereto are not considered part of the
pleadings. This distinction is clear from § 59 itself which
refers to "pleadings" and "interrogatories" as separate
sources for "admissions" under this section.

5. The defendant finally asserts that an issue arises as to
whether or not the plaintiff, by terminating performance,
breached its contractual obligation, thereby causing dam-
age to the defendant. In an affidavit the president of the
plaintiff corporation stated that the plaintiff completed at
least ninety percent of the contract before terminating
because of the defendant's refusal to pay. It is further
asserted in the affidavit that in discussions with the

defendant, he acknowledged the indebtedness in the amount of $54,000 but that he was unable to make payment of this amount. Nowhere does the defendant dispute this. In fact, in a deposition of the defendant he again admits his obligation to the plaintiff and his inability to pay due to lack of financing. This refusal of the defendant "to pay so large a part of the total sum payable and due" was a substantial breach going to the root of the contract thus entitling the plaintiff to terminate. *Hughes* v. *Rendle Corp.* 271 Mass. 208, 212. *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 52-53. *Petrangelo* v. *Pollard,* 356 Mass. 696, 701.

Implicit in the trial judge's allowance of the plaintiff's motion for judgment was the dismissal of the defendant's declaration in set-off. *Dooley* v. *Murphy,* 229 Mass. 72, 74.

This disposition of the defendant's claim in set-off was correct since the defendant's substantial breach precludes his recovery for any reimbursement for completing the work.

6. While the plaintiff is entitled to recover, the correct amount of damages has not been ascertained. The statement in the plaintiff's affidavit that $54,000 is due appears to be based on a computation inconsistent with the normal rule of damages. This amount appears to be predicated on the plaintiff's assertion that it performed ninety percent of the contract and thus is entitled to ninety percent of the contract price. The rule of damages for breach of a construction contract by one who has promised to pay for construction and which is applicable in this case is that the builder may sue on the contract for the entire contract price less the cost of completion that he would have incurred had he completed the work, *or* in the alternative, he may recover the fair value not in excess of the total contract price of the work done and the materials furnished prior to his justified termination of the work. Restatement: Contracts, § 346. See also *Fox* v. *Harding,* 7 Cush. 516, 522-523; *Brown* v. *Woodbury,* 183 Mass. 279, 282; *Gaffey* v. *United Shoe Machinery Co.* 202 Mass. 48, 53; *Bullard* v. *Eames,* 219 Mass. 49, 53; *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 108.

It is not clear from the record that this rule of damages was followed in allowing the motion for judgment. Therefore, the case must be remanded to the Superior Court solely for the proper determination of damages.

There being no issue of material fact other than the issue of damages, the defendant's exceptions are overruled and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*