# DECISIONS

OF THE

# APPEALS COURT

OF

## MASSACHUSETTS

---

BAYER & MINGOLLA INDUSTRIES, INC. *vs.* A. J. ORLANDO
CONTRACTING CO., INC.

Worcester. November 16, 1977. — January 6, 1978.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Contract*, Subcontract.

Under a provision in a building contract that the subcontractor would
be paid an amount retained by the contractor "upon receipt of final
payment by the owner," the contractor, who had not been paid in
full by the owner, was not entitled to withhold payment to the
subcontractor where the dispute between the owner and the con-
tractor did not involve the subcontractor. [2–4]
Chapter 554 of St. 1974, which authorized the Department of Public
Works to make price adjustments for increases in the price of liquid
asphalt used in public building projects, did not entitle a contractor
to withhold money from a subcontractor to compensate itself for
increased costs claimed to be attributable to such a price adjust-
ment for liquid asphalt supplied by the subcontractor. [4]

CIVIL ACTION commenced in the Superior Court on May
13, 1976.

The case was heard by *Linscott*, J.

*Roger G. Brunelle* (*Seymour Weinstein* with him) for the
plaintiff.

*John A. Lacaire* for the defendant.

BROWN, J. The plaintiff, a subcontractor, brought this action against the defendant, the general contractor on a State construction contract,[1] (1) for release of the retainage (ten percent of the contract) held by the general contractor and (2) for additional money representing the asphalt price adjustment authorized by St. 1974, c. 554. The subcontract provides that the last half of the retainage (five percent) will be paid "upon receipt of final payment from the owner." The defendant has refused to release the remaining five percent retainage, claiming this amount is not due because the Commonwealth has not paid it the final one percent owed it under the construction contract. The one percent which has not been paid the defendant does not involve this subcontractor; the Commonwealth has paid the full amount owed the plaintiff to the defendant. Moreover, it is not disputed that the plaintiff has completely and competently performed all contract tasks.

The plaintiff appeals from a judgment entered by a Superior Court judge that payment of the remaining retainage "is contingent upon receipt by the general contractor of final payment from the Commonwealth of Massachusetts." The defendant, on its own appeal, disputes a provision of the judgment that it is not entitled to withhold from the price adjustment due the plaintiff any money for added costs, overhead or profit under either St. 1974, c. 554, or the contract between the parties.

1. The plaintiff is correct in its contention that the phrase "upon receipt of final payment by the owner" should be interpreted as setting a time for payment which is sufficient to give the general contractor an opportunity to obtain funds from the owner, and not as creating a condition precedent to payment where there is a dispute between the owner and the general contractor not involving the subcontractor. See *A.J. Wolfe Co.* v.

---

[1] The general contractor's surety and the Commonwealth were also named as defendants, but neither of them has appealed.

*Baltimore Contractors, Inc.*, 355 Mass. 361, 365–367 (1969). The defendant attempts to distinguish the *Wolfe* case on the ground that it involved progress payments whereas the present case involves retainage. That argument is unpersuasive. The court in *Wolfe*, at 366 n.8, cited with approval the case of *Eastern Heavy Constructors, Inc.* v. *Fox*, 231 Md. 15, 19–20 (1963). In that case, in which a retainage was to be paid to a subcontractor within ten days after final payment by the owner to the general contractor, the court upheld a decision awarding the subcontractor the full amount retained, although the general contractor had not yet been paid in full by the owner, on the basis that the subcontractor's remuneration should not depend upon a dispute between the owner and the general contractor as to matters not concerning the subcontractor.

2. Moreover, if the defendant's contention that release of retainage is contingent upon final payment from the Commonwealth were correct, the retainage provision would be contrary to G. L. c. 30, § 39F, and therefore void. Section 39F(1)(b) (as appearing in St. 1972, c. 774, § 2) which is "binding between the general contractor and each subcontractor," requires that sixty-five days after the subcontractor has completed its work, the entire balance (less the cost of completing incomplete and unsatisfactory items of work) is due to the subcontractor. The defendant's argument that that section applies only to the amount defined as due by the contract is incorrect, as the statute makes the entire balance (less the cost of incomplete and unsatisfactory items) due. It is thus clear that the entire balance of the retainage was due the plaintiff, as more than sixty-five days have passed since substantial completion and there is no dispute as to the quality of the work. Moreover, as the Commonwealth (owner and awarding authority) has paid the defendant the entire amount owed for work performed by this subcontractor, the defendant is required under § 39F(1)(b) to pay "forth-with to the subcontractor . . . the full amount

received from the awarding authority." The defendant's contention that it may withhold the retainage as an "amount claimed due" is groundless, as it is undisputed that there was at that time no amount due it, claimed or otherwise, from the plaintiff.

3. The Superior Court judge was correct in ruling that St. 1974, c. 554, which authorized the Department of Public Works to make price adjustments for increases in the price of liquid asphalt, did not entitle the defendant to withhold money to compensate itself for increased costs claimed to be attributable to the price adjustment. Statute 1974, c. 554, is clear and quite specific. It provides in absolute and unambiguous language that there shall be "no allowance for overhead or profit."

The judgment is reversed, and a new judgment is to be entered for the plaintiff for the full amount of the ten percent retainage, as well as the amount withheld contrary to St. 1974, c. 554, and the other sums found due the plaintiff by the judge. The plaintiff is to be paid interest at twelve percent on the amount withheld contrary to St. 1974, c. 554.

*So ordered.*