JEREMIAH SULLIVAN & SONS, INC. *vs.* KAY-LOCKE, INC. February 7, 1984. *Contract*, Building contract, Subcontract, Performance and breach. *Damages*, Breach of building contract.

The plaintiff, a subcontractor, brought this action against the defendant, a general contractor, claiming that the defendant owed the plaintiff money for work performed pursuant to a written subcontract for the ex-

cavation of a building site in Brookline, Massachusetts. The case was tried to a judge, sitting without jury. Based on his findings of fact and conclusions of law, the judge entered a judgment for the plaintiff in the amount of $237,150, plus interest. The defendant now appeals from that judgment.

1. The first issue on appeal involves the interpretation of certain language in paragraph 3 of the subcontract. The defendant maintains that when the critical phrases "for which payment has been made to the Contractor by the Owner . . . and the Contractor has received payment therefor from the Owner," are viewed in the context of the evidence produced at the trial on the issue of the parties' intentions, payment to the general contractor by the owner was a condition precedent to payment by the general contractor to the subcontractor. The defendant's contention, however, is answered adversely to it by *A.J. Wolfe Co.* v. *Baltimore Contractors, Inc.,* 355 Mass. 361 (1969), in which the court interpreted similar language and held that the provision only set a time for payment which is sufficient to give the general contractor an opportunity to obtain funds from the owner, and did not create a condition precedent to payment to the subcontractor. The court stated in *Wolfe* that, "[i]n the absence of a clear provision that payment to the subcontractor is to be directly contingent upon the receipt by the general contractor of payment from the owner," such a provision should not be viewed as creating a condition precedent to payment. *Id.* at 365-366. See also *Bayer & Mingolla Indus.* v. *A.J. Orlando Contr. Co.,* 6 Mass. App. Ct. 1, 2 (1978), in which this court held that a similar provision did not create "a condition precedent to payment where there is a dispute between the owner and the general contractor not involving the subcontractor."

The considerations present in *Wolfe* and *Bayer & Mingolla* are manifest in the instant case. The judge ruled — we think correctly — that such "clarity of language [establishing a condition precedent] is missing in this contract." There is ample support in the record for the judge's finding that "[t]he evidence is far from convincing that it was clearly understood [by the parties] as a condition to payment."

2. The other issue raised by the defendant is that there was insufficient evidence to support the trial judge's award of damages. The plaintiff's work was never completed, and there was no evidence of the actual cost required to complete the plaintiff's work. The trial judge rejected the defendant's claim that the value of the work amounted to only $78,808 because there was very little, if any, credible evidence to support this contention and the business records offered by the defendant were inconclusive. In fact, the judge found that the only reason the defendant did not pay the remaining two vouchers was because it had not been paid by the owner. The defendant had not questioned the amounts of the two previous invoices. Finding the amount stated in the last two invoices to be the fair value of the materials and work furnished by the plaintiff, the court awarded damages of $237,150, plus interest. There was no error.

In determining the above amount, the judge relied on the reasoning of *Aerostatic Engineering Co.* v. *Szczawinski,* 1 Mass. App. Ct. 141, 145 (1973). The defendant concedes that this case states the applicable rule of damages. In *Aerostatic Engineering, supra,* this court stated: "The rule of damages for breach of a construction contract by one who has promised to pay for construction . . . is that the builder may sue on the contract for the entire contract price less the cost of completion that he would have incurred had he completed the work, *or* in the alternative, he may recover the fair value not in excess of the total contract price of the work done and the materials furnished prior to his justified termination of the work" (emphasis original).

*Judgment affirmed.*

The case was submitted on briefs.

*Lee H. Kozol & Kristine A. Doherty* for the defendant.

*Brian J. Moran & Joseph D. Burke* for the plaintiff.