Agnes, A.J.
1.Introduction
This is a civil action in which the plaintiff, Paul H. Southworth (“Southworth”) seeks declaratory relief concerning his alleged right to uninsured motorist coverage that was denied by the defendant, Arbella Mutual Insurance Company (“Arbella”).
2. Factual Background
On December 6, 1999, while driving his taxi, Southworth was involved in amulü-car collision involving six vehicles, including an alleged phantom vehicle that fled the scene. On December 20, 1999, Southworth’s lawyer sent a letter to Arbella notifying Arbella of the accident. After attempting to contact Southworth’s attorney several times to obtain more information about the accident, Arbella sent the claim to its Special Investigation Unit for a more detailed investigation on January 17, 2000. At this time, Arbella did not have any information about the accident other than the initial notification. On February 4, 2000, Arbella sent a letter to Southworth’s attorney, stating, “the purpose of this letter is to inform you that Arbella is not able to make a decision regarding whether or not your client will be afforded coverage for this loss.” The letter also stated:
Arbella continues this investigation under a reservation of rights. This means Arbella does not waive its rights to raise any defenses it may have to your client’s claim in the future. However, if from our investigation, Arbella determines this loss was the result of a covered loss and/or there are no contractual defenses to your client’s claim, Arbella will promptly resolve this claim.
On February 8, 2000, Southworth’s attorney sent a demand letter pursuant to G.L.c. 93A/176D in response, alleging that the reservation of rights letter was tantamount to a material breach of the insurance contract, and thus constituted a waiver of Southworth’s obligations under the policy. On March 8, 2000 Arbella sent a letter to Southworth’s attorney, noting that the reservation of rights letter was not a denial of coverage and informing him that an examination under oath had been scheduled for Southworth on March 23,2000. The letter stated, “(S)hould your client refuse or fail to participate in this examination, such failure will be deemed a material breach of the insurance contract on his part and will be a basis for denying his claim.” Southworth failed to appear at the examination under oath. Subsequently, on April 3, 2000 Arbella sent a “claim denial” letter to Southworth’s attorney, stating the reasons for denial, which included Southworth’s failure to attend the examination under oath. Southworth filed this action on January 22, 2002, seeking the court’s determination of the rights of the parties specifically relating to Southworth’s right to arbitrate his claim for uninsured motorist benefits.
3. Reservation of Rights
Southworth claims that the reservation of rights letter was tantamount to a material breach of contract *168 by Arbella. Contrary to this assertion, the court has held that an insurer’s action of reserving its rights does not amount to a disclaimer of coverage or to a material breach of contract. Thach v. Safety Ins. Co., 10 Mass. L. Rptr. 500, 1999 WL 791958, Civil No. 9802300 (Worcester Super. Ct. Aug. 27, 1999) (Fecteau, J.). A “reservation of rights” letter is simply a device which allows the insurer to give notice to its insured of some policy concerns while at the same time continuing to act in accordance with its legal duties. Id. This is an acceptable method for an insurer to preserve its rights to later disclaim coverage, should information subsequently obtained warrant such a disclaimer, while at the same time giving the insured notice of a potential problem so the insured is not lulled into failing to act to protect himself. Sarnafil, Inc. v. Peerless Ins. Co., 418 Mass. 295, 309 (1994).
4.Obligation to Act in Good Faith When Sending a Reservation of Rights Letter
An insurer who sends a reservation of rights letter which is in essence a veiled denial of coverage violates G.L.c. 93A and G.L.c. 176D. Iaconi-Young v. Arbella Mut Ins. Co., 1998 Mass.App.Div. 63. In this case, however, no language existed in Arbella’s February 4, 2000 reservation of rights letter that could make it a de facto denial of coverage. See Ganias, 2000 Mass.App.Div. 184. The letter clearly stated that the investigation was ongoing and that Arbella would provide coverage if its investigation demonstrated that it was obligated to do so. The tone of Arbella’s February 4 letter is similar to the tone of the letter in Ganias, and as such, it does not permit an inference about the insurer’s intentions other than it was seeking the plaintiffs cooperation in the investigation of this claim. See id.
5.Consequences of a Wrongfully Issued Reservation of Rights Letter
A wrongful issuance of a reservation of rights letter is not a “substantial breach going to the root of the [insurance] contract” which would justify subsequent nonperformance by plaintiff. Ganias v. Arbella Mut. Ins. Co., 2000 Mass.App.Div. 184, quoting Aerostatic Eng’g. Corp. v. Szczawinski 1 Mass.App.Ct. 141, 145 (1973). A wrongfully issued reservation of rights letter is not tantamount to a material breach of contract of insurance. Ganias, 2000 Mass.App.Div. 184. Plaintiffs lawyer had ample opportunity to discover this concept not only through legal research, but also through his firm’s internal records, since a lawyer in his firm represented the plaintiff in Ganias. Id. Plaintiffs attorney claimed in his February 8, 2000 letter to Arbella that “your reservation of rights is tantamount to a material breach of contract of insurance with your company and, under current case law, constitutes a waiver of my clients’ [sic] obligations under the policy . . .’’In his Memorandum of Law in Opposition to the Defendant’s Motion for Summary Judgment, plaintiffs attorney advanced a similar argument. Advancing such a frivolous argument may put a client in danger of having attorneys fees awarded to the opposing party under G.L.c. 231, §6F.
6.Duty of the Insured to Attend the Examination Under Oath
The insurance policy issued to Southworth in this case stated, “We [Arbella] may also require you and any person seeking payment under any part of this policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim.” The policy also noted that an insured’s “failure to cooperate with [the insurer] may result in the denial of the claim.” An insured’s refusal to submit to an examination under oath, if reasonably requested, is a failure to comply with a condition precedent to recovery and therefore constitutes a material breach of the insurance contract. Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 337 (1995); Ellis v. Safety Ins. Co., 41 Mass.App.Ct. 631, 638-39 (1996); Commerce Ins. Co. v. Flores, 11 Mass. L. Rptr. 587, 2000 WL 782006, Civil No. 9800842 (Worcester Super. Ct. March 30, 2000) (Fecteau, J.). There is no requirement that the insurer show actual prejudice by the insured’s failure to submit to an examination. Hodnett v. Arbella Mut. Ins. Co., 1996 Mass. App. Div. 131. Arbella’s request for Southworth to attend the examination under oath was reasonable based on the lack of information in Arbella’s possession at the time of the request. Southworth’s absence from the examination under oath therefore constituted a material breach of the insurance contract, and Arbella had the legal right to deny his uninsured motorist claim. See Thach.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED.