Merrigan, J.
The defendant Robert Hurtubise d/b/a 101 Plaza CarWash (Hurtubise) appeals from a judgment entered in favor of Safety Fund National Bank, assignee of Double D Construction Co., Inc. (Double D). Double D had sued Hurtubise to collect the balance due on a construction contract where Double D acted as the contractor for the construction of a car wash in Leominster.
After trial before the Fitchburg District Court bench session in May of 1995, the trial judge entered judgment against Hurtubise together with interests and costs.
Hurtubise' appealed pursuant to Dist./Mun. R. A. D. A., Rule 8C.
Although Hurtubise submitted requests for rulings, Hurtubise does not argue error by the trial judge with respect to action taken on those requested mlings. Rather, Hurtubise argues that the factual findings made by the judge were clearly erroneous.
Our review of the transcript of the trial along with exhibits included in the Appendix reveal ample evidence to support the factual findings made by the judge. Our review of the facts is confined to the question of whether there is adequate evidence to support the findings of fact made by the trial judge.
From the evidence presented, the trial judge could have found the following facts: In September, 1987 Hurtubise entered into a contract with Double D for the construction by Double D of a car wash in Templeton, Massachusetts. The original contract price to be paid by Hur-tubise was $133,000. Change orders increased the price to $144,000. Work was completed within 90 days from the start date. The start date was to be two weeks from the date of issuance of a building permit. Hurtubise made payment of $82,000 but, as a result of a variety of disputes between the parties, Hurtubise refiised to make further payments. Finally, in October, 1988 Hurtubise and Double D resolved their disputes by agreement that Hurtubise would pay $40,000 at $500 per month. Hurtubise made payments on this basis until October, 1990, at which time he stopped. The balance due on the $40,000 at that time was $28,500. Unless clearly erroneous, they will not be disturbed on appeal.
It was the duty of the judge to resolve conflicting factual issues presented by the evidence and when this is done these findings are not reviewable. “If the trial judge makes one of several possible choices of what facts are supported by the evidence, the judge’s choice is not clearly erroneous.” W. Olive Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744 (1993). To the extent that Hurtubise’s argument is to be construed as asserting that the findings are against the weight of the evidence, the record does not bear this out. This case was well presented and tried by the parties and there was ample evidence that permitted the trial judge to resolve the factual disputes as he did.
Accordingly, the judgment of the trial court is affirmed.