Teahan, J.
This matter arises on appeal from findings for the plaintiffs on a complaint seeking recovery of personal injury protection benefits (“PIP”), claims under G.L.c. 90, §34M, and for unfair practices under c. 93A and c. 176D. Extensive factual findings were made by the court in addition to responses to requests for rulings of law. Those findings included, inter alia, the following:
1) Plaintiffs (Mary Ann laconi-Young as driver and Adeline Iaconi as passenger) were involved in an automobile accident on February 27,1993 when their vehicle was struck from the rear. Notice of claim for PIP coverage was sent to the defendant by the insurance agent for the driver, laconi-Young.
2) From March 8 to 12, defendant’s employee sought to contact plaintiffs, learned of their attorney, and was referred to the attorney when request for a recorded statement was made.
3) March 12, 1993 the defendant sent a notice of reservation of rights for non-cooperation after the plaintiffs’ attorney failed to respond to communications.
4) April 2, 1993 defendant notified the plaintiffs’ attorney that coverage would be reviewed if a recorded statement of plaintiffs was not allowed within 30 days. Reply from the attorney April 7,1993 indicated plaintiffs will cooperate *64 fully if coverage was affirmed. Defendant on April 14, 1993 refused to rescind letter of reservation of rights.
5) May 14,1993 defendant disclaimed coverage by letter.
6) May 24,1993 PIP forms were submitted by plaintiffs and bills and reports followed on September 20,1993.
7) The court found the defendant was not entitled to a tape recorded statement under their policy and that defendants March 12, 1993 reservation letter established “a tone and line of direction that would cause anyone to infer that the defendant had its back up and was setting the stage for a denial of coverage letter.” (Court’s findings, para. 18)
8) The court further found no basis for defendants action on the PIP claim, no evidence of non-cooperation by plaintiffs and awarded PIP benefits further finding for the plaintiffs on claims under c. 93A-and c. 176D.
The thrust of the defendant’s surviving claims on appeal is that the court’s findings are against the weight of the evidence.[2] We limit our review to claims set forth in the notice of appeal as briefed which include:
(1) did the court err in its application of the burden of proof?
(2) did the court err in finding a violation under c. 93A?
(3) was there error in awarding damages?
The defendant filed 33 requests for rulings of law and fact, in addition to extensive factual findings coupled with conclusions of law, the court specifically answered numbers 7, 9, 11-13, 21, 25-27, 30-33. Our inquiry is limited to requests 1-9,12-19, 21, and 23-27 which are briefed.
I. ERROR ALLEGED IN APPLICATION OF BURDEN OF PROOF
While not cited in the court’s findings of fact, it appears clear through exhibit #1 that the plaintiff Iaconi-Young was requested to attend a medical exam arranged by the defendant by letter dated May 6,1993. That request was appropriate under policy conditions set forth in exhibit #7, appendix p. 136. The defendant’s letter reserving its rights which set up the ensuing standoff was sent however on March 12,1993 well before the request for medical examination of plaintiffs.
The defendant’s argument on burden of proof fails to confront the fact that the initial notice of reservation was premised solely on failure of plaintiffs to give a taped statement. The court found no such formal requirement existed under the policy and non-cooperation didn’t flow from noncompliance with such a request.[3] Included within the factual findings on this issue is the perception that the defendant, irritated at delay, perceived discourtesy and non-cooperation with a request for a non-obligatory recorded statement chafed at the plaintiffs attorney’s tone in demanding rescission of the letter of reservation after a much delayed formal entrance into the proceedings, and in so reacting, did precisely what was intended by the attorney. To that extent this case has *65 overtones of personalties and tactics that are regrettable.
For defendant’s contention regarding the burden of proof to have merit it needs to demonstrate that non-cooperation with a required condition of the applicable policy relating to PIP benefits occurred, and that such denial or delay caused the defendant actual prejudice. Demonstration of violation of a condition precedent under the policy is not sufficient. Darcy v. Hartford Insurance Company, 407 Mass. 481, 488-90 (1990). Defendant's heavy reliance on Mello v. Hingham Mutual Insurance Co. supra at 333 (1995) is misplaced as that case was decided under an analysis of the provisions of a homeowner’s policy in a fire claim and the interrelation of its policy language with c. 175, §99 permitting examination of the insured under oath. The nub of the issue on burden of proof is that a recorded statement was requested, it was never refused but referred to plaintiff’s attorney and the reservation of rights letter was sent March 12, 1993 all before any request for medical examination at insurer’s expense. All this is in the context of a PIP claim which involves relatively little investigation or prejudice to the insurer when delays in normal processing occur. In this sequence of events non-cooperation was not established, as the recorded statement cannot be claimed as a policy requirement (as opposed to other less formal inquiry) to assist the insurer in investigating and verifying the PIP claim.[4]
II.ERROR ALLEGED IN FINDING VIOLATION OF CHAPTERS 93A AND 176D
The court, on these facts, found the defendant in violation of c. 93A and c. 176D in reserving its rights and not rescinding the reservation under the circumstances. [Rulings on defendant’s requests 25 & 26.] On defendant’s request #27 (‘The burden is on the plaintiffs to prove that no reasonable insurer would act as the defendant did. This proof requires expert testimony.”) the court elliptically answered “No so found.” While it is unclear whether the court referred to disagreement with the statements of plaintiffs’ burden, with a finding that the insurer was reasonable or with the reference to the need for expert testimony as required to meet plaintiffs’ burden, the intent behind the court’s response is immaterial given the overall written findings. Expert testimony was not needed. The court found the reservation of rights sent in response to non-compliance with a demand the defendant could not legally make was the predicate act for both findings in setting up the confrontation over rescission of the reservation before the plaintiffs would cooperate further. We find the factual predicate for a c. 93A claim and claim under c. 176D met on the facts found.
III.REVIEW OF REQUESTS 1-9, 12-16, 18-19, 21, 25-291, 14-16, 18, 19 AND 28.
The defendant correctly asserts that specific numbered requests were not formally ruled on. Reviewing those against the court’s rulings on other requests and the detailed findings of fact and conclusions of law, we find no basis for concluding that the court applied any invalid legal reasoning from facts found in arriving at its findings for the plaintiffs.
IV.ERROR ALLEGED IN COMPUTATION OF DAMAGES
The defendant’s assertion of error in computation of damages is without *66 merit. Chapter 90, §34M, provides an exemption from tort liability for personal injury protection benefits as defined and establishes a framework for avoiding double recovery for PIP benefits paid in related tort actions. This case is not brought in tort and arises out of defendant’s denial of coverage and claims under c. 93A and c. 176D relating to the refusal to pay benefits under c. 90, §34M. No application of the collateral source rule is involved and the court properly decided the related requests of rulings of law.[5] See Mester v. Barrett, 1995 Mass. App. Div. 38, 40.
The defendant’s appeal is dismissed.

 Of 13 numbered paragraphs in the defendant’s notice of appeal not all are briefed and therefore not reviewed on appeal. Dist./Mun. Cts. R. A D. A., Rule 16(4).

 The defendant’s brief asserts that the demand for a recorded statement was a policy requirement, and cites Mello v. Hingham Mutual Fire Insurance Co., 421 Mass. 333 (1995) as authority for an enforceable demand that a recorded statement be given. Mello at 340, fn. 6 refers only to the general obligation of insureds to cooperate in the context of a fire claim requiring by statute a statement under oath. In this case the court found cooperation as a legal conclusion since the plaintiffs had no duty to cooperate with a demand not binding upon them under the policy’s terms.

 It is recognized that recorded statements are common in the investigation of insurance claims and that in many circumstances they suit the convenience of both parties. That does not however mean they can be demanded of a claimant under the policy in this case. Nothing in the defendant’s policy gives the right to take a recorded statement and refusal is not lack of cooperation.

 In response to defendant’s requests 30 through 33 claiming an offset against under-insured payments, the court found on each “[tjhis PIP claim is a separate contract claim. No offset.”