Rutberg, J.
This “IME no show”[1] case comes to us by way of an expedited appeal of the allowance of defendant’s motion for summary judgment. Plaintiff was involved in a two car motor vehicle accident on September 19,1997, and she maintained Personal Injury Protection [”PIP”j insurance with defendant carrier. Plaintiff gave defendant timely notice of the collision and her alleged personal injuries, and defendant requested that plaintiff attend an “IME” on November 25, 1997. Plaintiff failed to attend the IME, and defendant rescheduled it for December 11, 1997 and again plaintiff failed to attend; thereafter, defendant scheduled the IME for the third time on December 30,1997. On December 23,1997, plaintiff retained counsel with respect to this matter, and on December 29,1997 counsel requested a continuance of the IME scheduled for the next day; however, defendant refused the request to further reschedule the examination, and defendant then denied plaintiff any PIP coverage claiming that she failed to cooperate with her insurance carrier.[2]
Plaintiff then commenced this action seeking recovery for her unpaid medical expenses and lost wages, and the trial court granted defendant insurance company’s motion for summary judgment from which plaintiff now appeals. This is the latest in a series of cases which the District Court Department Appellate Division has had to consider which involve the denial of PIP benefits. Ganias v. Arbella Mutual Insurance Company, 1999 Mass. App. Div. 190 [Western District]; Iaconi-Young v. Arbella Mutual Insurance Company, 1998 Mass. App. Div. 63 [Western District]; Hodnett v. Arbella Mutual Insurance Company, 1996 Mass. App. Div. 131 [Northern District], While the parties have attempted to reconcile these recent *120 cases, such a discussion is unnecessary to the resolution of this case.
It is settled law that summary judgment is to be granted when there are no material issues of fact in dispute. Cassesso v. Comm’r of Correction, 390 Mass. 419 (1983). The failure of an insurance claimant to cooperate with their respective carrier can be an issue of fact for trial. In the case at hand, the issue was clearly framed by plaintiffs counsel who contacted defendant’s claims department prior to the scheduled IME and asked for a brief postponement to accommodate his entrance into the case. Defendant’s representative denied this request claiming that plaintiff had failed to appear at two previously scheduled examinations. While we may understand defendant’s exasperation with a request to continue an exam for which the claimant has twice failed to appear, the mere request for a postponement cannot itself equal a claimant’s failure to cooperate as a matter of law. The facts of this case demonstrate that claimant’s putative failure to cooperate raises an affirmative defense to the plaintiffs complaint which the defendant must plead and prove at trial. Clearly, there are substantial issues of fact in dispute as to whether defendant’s denial of coverage for failure to cooperate was appropriate in light of this plaintiffs behavior. Indeed, plaintiff alleges that she did not receive proper notice of the earlier scheduled examinations and there is evidence before us that defendant mailed these notices to an incorrect address; again, these allegations raise issues of fact for determination at trial.
For the reasons set forth above, the allowance of defendant’s motion for summary judgment is reversed, and the case is remanded to the East Brookfield District Court for trial.

 The failure of an insured party to appear for an independent medical examination [”IME”] is sometimes referred to as “IME no show.”

 The Massachusetts Automobile Insurance Policy, 6th edition, provides as follows:
“Fourth ... After an accident or loss, you ... must cooperate with us in the investigation, settlement and defense of any claim or lawsuit.
“If anyone makes a claim or seeks payment under Personal Injury Protection..., we have the right to require that person to be examined by doctors selected by us.”
The above insurance policy provisions are consistent with G.L.c. 90, §34M which states: ‘The injured party shall submit to physical examinations by physicians selected by the insurer as often as may be reasonably required ... to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due.”