Rutberg, J.
This case involves the denial of Personal Injury Protection [hereinafter “PIP”] coverage to an insured party [this “plaintiff’] who failed to cooperate with her insurance carrier’s [this “defendant”] request to participate in an independent medical examination [hereinafter “IME”], which is allowed by statute and contract. In a prior case involving these same parties, we decided that plaintiffs failure "... to attend a reasonably scheduled IME was rightly determined to constitute her failure to cooperate with her insurer which then justified the insurer’s denial of coverage.” Ganias v. Arbella Mutual Insurance Company, 1999 Mass. App. Div. 190 [Western District], [hereinafter Ganias I].[1] We remanded the case to the trial judge to determine whether defendant’s reservation of rights letter “... was tantamount to a denial of coverage.” Id. at 191.
The trial judge [Geenty, J.] made a set of factual findings in response to our decision in Ganias I; indeed, his findings were more comprehensive than we required. In particular, the trial judge found:
There is no denial of coverage in this [reservation of rights] letter. There in no ‘tone’ of ‘direction’ from which to infer anything about the insurer’s intentions other than it was seeking the plaintiffs cooperation in the investigation of this claim.
*185 Given the above finding and in accordance with our decision in Ganias I, the trial judge reaffirmed his earlier order allowing defendant’s motion for summary judgment on plaintiffs claim for PIP benefits. Plaintiff again appeals the allowance of summary judgment contending that there are material issues of fact to be determined at trial and that the above finding of the trial judge was erroneous. Our decision in Ganias I disposed of plaintiffs former contention, and there is nothing in the record before us which had not been presented to us in the former case.
We must turn our attention to the finding of the trial judge that the. reservation of rights letter did not constitute a denial of coverage. Unless a trial judge’s finding is clearly erroneous, we will not disturb it. Safety Fund National Bank, Assignee v. Robert Hurtubise, 1996 Mass. App. Div. 207 [West.Dist.]. Plaintiff appears to argue that the finding was erroneous because her counsel “clearly showed that the reservation of rights was issued because the plaintiff did not give a recorded statement.” Despite counsel’s protestations to the contrary, there is nothing in the record presented to this court which could tend to contradict the finding of the trial judge save the unsupported assertions of plaintiffs counsel in his brief and at oral argument.
We must also note that even if plaintiffs failure to give defendant a recorded statement was the cause of the reservation of rights letter, the wrongful issuance of a reservation of rights letter by defendant is not a “substantial breach going to the root of the [insurance] contract” which would justify subsequent nonperformance by plaintiff. Aerostatic Engr. Corp. v. Szczawinski, 1 Mass. App. Ct. 141, 145, 294 N.E.2d 521 (1973). The act that we found offensive in Iaconi-Young was the denial of coverage which was veiled as a reservation of rights. Wrongful denial of coverage is clearly a breach which goes to the essence of an insurance contract which justifies subsequent nonperformance by the insured. Iaconi-Young v. Arbella Mutual Insurance Company, supra.
There is nothing inherently actionable in sending a reservation of rights letter when an insurance company has some reason to believe that its insured has breached the terms of the insurance contract. The issuance of a reservation of rights letter based upon an improper reading of the insurance contract does not, in and of itself, justify nonperformance by the insured.
A ‘reservation of rights’ letter is a device which allows the insurer to give notice to its insured of some policy concerns while at the same time continuing to act in accordance with its legal duties. This is an acceptable method for an insurer to preserve its rights to later disclaim coverage, should information subsequently obtained warrant such disclaimer, while at the same time giving the insured notice of a potential problem so the insured is not lulled into failing to act to protect himself. Thach v. Safety Ins. Co., Mass. Super. Court [1999 WL 791958], citing Sarnafil, Inc. v. Peerless Ins. Commonwealth, 418 Mass. 295, 309, 636 N.E.2d 247 (1994) [emphasis added].
As the trial judge found, there was nothing in the reservation of rights letter that could make it a de facto denial of coverage; therefore, the entry of summary judgment as ordered by the trial judge is affirmed.
The purpose of our remand of Ganias I was succinct and carefully spelled out. In response to our order, the trial judge made explicit findings which were unequivocal. Plaintiff, however, chose to appeal this matter a second time, and her brief made the same arguments that her earlier one did with minor exception. Indeed, plaintiffs brief in this appeal contains about nine pages of argument, of which more than half is literally taken verbatim from her previous brief; and, none of the restated arguments properly address the issues before this Court.
The portions of plaintiffs argument that do address the issues of this appeal are *186 petulant and condescending to the defendant and the trial court; but more important, the arguments raised are not supported by either case law or the record despite the mandate of Rule 16(a) (4). Indeed, plaintiff argues that the trial judge’s finding "... clearly flies in the face of the credible evidence presented. ...” at the hearing subsequent to the remand; however, there is nothing in this record indicating what was said and what evidence was presented at this hearing. Plaintiffs Brief, p. 5. Plaintiff goes on to argue that the trial judge held a"... misguided belief that Defendant was entitled to receive a recorded statement....”; again, nothing is presented to us to support this argument. Id. at 5-6. Plaintiff further argues that:
(a)t the rehearing of this matter ordered by the Appellate Division of the District Court, Plaintiffs counsel clearly showed that the reservation of rights was issued because the Plaintiff did not give a recorded statement. Id. at 10.
As stated above, the record on appeal contains nothing to support this bald allegation. Indeed, the reservation of rights letter which is at the crux of this appeal and led to the remand of the former one was not even made a part of the record of either appeal.
In the light of the foregoing, we conclude that the instant appeal is a frivolous one which was not interposed in good faith, requiring an award of damages and double costs to the defendant. Rule 25, Dist./Mun. Courts Rules for Appellate Division Appeal. We hereby assess damages and costs for these abuses, and defendant may file a motion, supported by appropriate affidavits and documentation, in this Court for same.

 The facts of the case were spelled out in our previous decision in the following paragraph:
‘The facts are largely uncontested. Appellant [hereinafter ‘Plaintiff] was a pedestrian in a New Hampshire parking lot when she was struck by a motor vehicle operated by appellee’s [hereinafter ‘defendant’ or ‘insurer’] insured, Teryl Watson. The incident occurred in late August 1996, and plaintiff placed a claim with defendant within days. In the succeeding two months, insurer twice requested that plaintiff submit to a tape recorded statement under oath to which she refused to comply. Thereafter, plaintiff submitted a PIP application to defendant in late November 1996; and, on January 8,1997, insurer issued a reservation of rights letter to plaintiff, demanding that she comply with the terms of her policy. Defendant then scheduled an independent medical examination [’IME’] for late January which plaintiff failed to attend; after plaintiff failed to also attend a rescheduled IME, insurer denied plaintiff PIP benefits citing her ‘unilateral decision to forego the IME’s.’ Plaintiff then filed this action in September 1997 claiming breach of contract and statutory violations of G.L.c. 93A and 176D. Insurer’s motion for summary judgment was granted by the trial court on October 22, 1998, from which plaintiff has filed a timely appeal.” Id. at 190.