ROBERT S. KEENE *vs.* ROBERT W. GOULD & another. April 4, 1975. 1. The only argument in the plaintiff's brief which warrants consideration (see *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 [1958]; *Commonwealth* v. *Bernier,* 366 Mass. 717, 720 [1975]) is addressed to his appeals (see Mass.R.Civ.P. 1A, subpar. 7, 365 Mass. 732 [1974]) from the interlocutory decrees (a) denying his motion to recommit the report of the master to whom this bill in equity was referred and (b) confirming the master's report. There is no merit in the appeal from the denial of the plaintiff's motion to recommit because of his failure (i) to file any objections to the master's report in accordance with Rule 90 of the Superior Court (1954) (*Kass* v. *Todd,* 362 Mass. 169, 173 [1972]), (ii) to move for recommittal for any purpose other than that of obtaining "further findings of fact," thereby making the allowance or denial of the motion discretionary (*ibid.*), (iii) to call the attention of the trial judge or this court to any vital issue on which the master's findings are so insufficient as to prevent the entry of a final decree thereon (contrast *Lattuca* v. *Cusolito,* 343 Mass. 747, 753 [1962], and cases cited), and (iv) to "show error upon the face of the record" (*Minot* v. *Minot,* 319 Mass. 253, 260-261 [1946]). The plaintiff has likewise failed to show error in the entry of the decree confirming the report. 2. The defendants in their appeal from the final decree challenge so much thereof as permitted the plaintiff to recover for the work found by the master to have been completed by him in the construction of the defendants' house. The master's finding that the plaintiff breached the contract in numerous and substantial respects, neither inconsistent with any of his other findings nor plainly wrong, was binding upon the trial judge and is binding upon us. *Wormstead* v. *Town Manager of Saugus,* 366 Mass. 659, 660 (1975). On the basis of that finding and the absence of any finding of fact which would excuse the plaintiff's nonperformance, we are of the opinion that he was not entitled to recover any portion of the amount claimed, either under his contract or on a quantum meruit, for the reasons stated in such cases as *Andre* v. *Maguire,* 305 Mass. 515, 516-517 (1940); *Russo* v. *Charles I. Hosmer, Inc.* 312 Mass. 231, 232-233 (1942); *Cueroni* v. *Coburnville Garage, Inc.* 315 Mass. 135, 138 (1943); and *Albre Marble & Tile Co. Inc.* v. *Goverman,* 353 Mass. 546, 549-550 (1968). The defendants have not argued and have therefore waived any contention that there may have been error in that portion of the final decree which dismissed their counterclaim. *Town Bank & Trust Co.* v. *Silverman, ante,* 28, 32 (1975). 3. The interlocutory decrees are affirmed. The final decree is to be modified so as to provide for the dismissal of the original bill. As so modified the final decree is affirmed. The defendant is to have costs of this appeal.

*So ordered.*

*Philip S. Iuliano* for the plaintiff.
*Ann-Louise Levine* (*Alvin Jack Sims* with her) for the defendants.