JOHN E. WARD *vs.* AMERICAN MUTUAL LIABILITY
INSURANCE COMPANY
(and two companion cases[1]).

Middlesex.   November 12, 1982. — January 7, 1983.

Present. HALE, C.J., CUTTER, & KASS, JJ.

*Contract,* Employment, Covenant against competition, Performance and
breach.

Insurance salesmen who were discharged in violation of their employment
agreements, which provided for termination only on the anniversary
dates of their respective contracts, could recover damages for total
breach, despite their failure after discharge to comply with non com-
petition provisions in the agreements. [99-101]

CONTRACT.   Writs in the Superior Court, two dated
March 4, 1974, and one March 11, 1974.

The cases were heard by *Alberti,* J., on a master's report.

*Frank W. Kilburn* for the defendant.

*Herbert D. Lewis* for John E. Ward & another.

*Joseph H. Burke, Jr.,* for Joseph F. Person.

HALE, C.J.   The defendant appeals from judgments
entered in the Superior Court awarding the plaintiffs dam-
ages for the defendant's breach of written employment
agreements.   We affirm.

The cases were consolidated for trial in the Superior
Court and referred to a master whose findings of fact were
to be final.   We summarize the facts found by the master.

The defendant is an insurance company engaged in issu-
ing policies providing broad lines of liability and casualty
insurance.   Each plaintiff signed a form employment agree-

---

[1] Raymond G. Walker *vs.* American Mutual Liability Insurance Com-
pany.   Joseph F. Person *vs.* American Mutual Liability Insurance Com-
pany.

ment as a condition of his employment. The agreement provided, among other things, that the employee, for a period of eighteen months following termination of employment, would not procure, solicit, accept or refer applications or inquiries about insurance from persons insured by the defendant within specified locations or from any person insured by the defendant under a policy sold or serviced by the employee.

After each plaintiff had been employed for over ten years, the defendant required all its salesmen to sign new contracts incorporating a more restrictive non-competition provision or be discharged. The plaintiffs refused to sign, and their employment was terminated. The master further found that each plaintiff had performed his obligations "fully, faithfully and competently" but had been discharged by the defendant in violation of the employment agreement, which provided for termination only on the anniversary dates of their respective contracts. The master reported that he did not find the discharges were made in "bad faith" as that term is employed in *Fortune* v. *National Cash Register Co.*, 373 Mass. 96 (1977). He found that each plaintiff, shortly after discharge, had solicited and sold insurance policies in violation of the non-competition provision of his employment agreement and concluded that these violations barred the plaintiffs from recovery, citing *Chase* v. *New York Life Ins. Co.*, 188 Mass. 271 (1905). The master, in the alternative, made a determination of the damages each plaintiff had sustained by computing the commissions due the several plaintiffs up to the dates their respective employments could properly have been terminated, using the defendant's remuneration plan, which was in evidence, and by deducting all net earnings for the same periods.

After a hearing, the judge issued memoranda and orders in which he adopted the report of the master but substituted a holding different from the opinion of the master. The judge held that the plaintiffs were not barred from recovery by reason of their violation of the non-competition provision

and awarded each plaintiff damages as determined by the master.

The only issue raised in the defendant's brief is whether the plaintiffs are barred from recovering for the defendant's breach of the employment agreements by reason of their own violation of the covenants not to compete.[2] The defendant relies heavily on the cases of *Chase* v. *New York Life Ins. Co.*, 188 Mass. 271 (1905), and *Kroeger* v. *Stop & Shop Cos.*, 13 Mass. App. Ct. 310 (1982), to support its argument that the plaintiffs should be barred from recovery. Each case is inapposite, as each involved only a discharged employee's breach of a covenant not to compete, and neither involved a breach of a contract of employment by the employer, as was the case here.

The defendant's reliance on the master's failure to find "bad faith" is also misplaced. It cites *Fortune* v. *National Cash Register Co.*, 373 Mass. 96 (1977), and *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659 (1981), for the proposition that in the absence of a "bad faith" discharge the plaintiffs were duty bound to comply with the covenant not to compete. Unlike the present action, however, both *Fortune* and *Gram* involved employments at will, and thus there would be a breach of the employment contract only if the employer acted with "bad faith" in discharging the employee. There was no need for a finding of "bad faith" in this case, as the discharges of the plaintiffs prior to the anniversary dates of their employment contracts constituted breaches of those contracts.

It is well established that a material breach by one party excuses the other party from further performance under the contract. See *Quintin Vespa Co.* v. *Construction Serv. Co.*, 343 Mass. 547, 554 (1962); *Petrangelo* v. *Pollard*, 356

---

[2] The measure of damages was not challenged by the defendant's objection and motion to strike portions of the master's report. Nor was it designated as an issue on appeal. However, throughout the defendant's brief is threaded a suggestion that there was error in the calculation of damages. We do not consider issues which are suggested but not argued. *Mahaney* v. *John Hancock Mut. Life Ins. Co.*, 6 Mass. App. Ct. 919, 921 (1978).

Mass. 696, 701-702 (1970); and *Center Garment Co.* v. *United Refrigerator Co.*, 369 Mass. 633, 638 (1976), in which the court found that a franchisor's failure to provide an essential supply to its franchise holder was a breach "so material in all the circumstances as to justify the plaintiff in throwing the contract over and suing for total breach." In *Aerostatic Engr. Corp.* v. *Szczawinski*, 1 Mass. App. Ct. 141, 145 (1973), this court held that the defendant's "substantial breach going to the root of the contract" entitled the plaintiff to terminate performance under the contract and to recover contract damages with no set-off awarded the defendant for damages caused by the plaintiff's failure to complete performance of the contract obligations. See also Restatement (Second) of Contracts §§ 241-243 (1981). Similarly, the defendant's wrongful discharges of the plaintiffs constituted breaches of the employment agreements so material as to discharge the plaintiffs from any further obligations under the contracts and to allow them to recover contract damages for total breach. The defendant contends that a different rule of law should apply for contractual obligations which do not take effect until the termination of the contract. It cites no authority for this contention, however, nor can we discern any justification for such a rule in this case.

One final item must be disposed of. The judgments as entered are defective and must be modified. Proposed judgments submitted by counsel for the plaintiffs set out the amount of damage sustained by each plaintiff and provided for interest computed from the date of the breach or, alternatively, from the date of the filing of the complaint. Judgments were entered without designation of which alternative computation of interest would be entered in the judgment, an act we presume the parties intended the judge to perform. General Laws c. 231, § 6C, provides for interest from the date of the breach or demand unless this date is not established. As the defendant does not argue that the date of breach has not been established, interest should be computed from that date. The judgment in each case shall be

modified to add to the amount of basic damages as set out in that judgment interest computed from the date of the breach. As so modified, each judgment is affirmed.

*So ordered.*