**ITT CORPORATION, Plaintiff,**

v.

**LTX CORPORATION, Defendant.**

**Civ. A. No. 88–0967–C.**

United States District Court,
D. Massachusetts.

Sept. 26, 1991.

Michael J. Liston, Palmer & Dodge, Boston, Mass., for plaintiff.

Joseph L. Kociubes, Richard Mentzinger, Jr., Bingham, Dana & Gould, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

This action arises out of a dispute over a settlement agreement in resolution of a prior lawsuit between plaintiff ITT Corporation ("ITT") and defendant LTX Corporation ("LTX"). ITT sought money damages from LTX for an alleged breach of the settlement agreement to sell electrical cable assemblies. This Court, in 732 F.Supp. 1225 (D.Mass.1990), denied ITT's breach of contract claim, granting judgment for LTX. On appeal, the First Circuit Court of Appeals reversed, interpreting the agreement in favor of ITT. *ITT Corp. v. LTX Corp.*, 926 F.2d 1258 (1st Cir.1991). In the matter presently before the Court on remand, ITT moves for entry of judgment.

For the reasons set forth below, this Court enters judgment for ITT for $538,-372.00, plus prejudgment interest, computed from the March 9, 1988 date of ITT's demand for payment. The Court further holds that, because LTX materially breached the contract, ITT is excused from performance under the contract.

### I.

As detailed more fully in our prior opinion and that of the Circuit Court, the initial lawsuit in this action arose out of a dispute between seller ITT and buyer LTX over the sale of certain electrical cable assemblies. Because the internal wires would break upon extensive bending, the cable assemblies produced by ITT for LTX turned out to be commercially unusable for the LTX product for which it was purchased. On May 6, 1987, in resolution of this first lawsuit, the parties settled on a delivery and payment schedule of the cable assemblies. As part of this agreement, the parties established three testing criteria for the assemblies. At the time when payment was due in accordance with the schedule set forth in the agreement, and despite ITT's written demand on March 9, 1988, LTX refused to pay ITT, claiming that ITT's cables did not meet the third testing criteria.

ITT filed a second lawsuit, for breach of this settlement agreement. The principal issue at trial was the interpretation of the third test criterion mentioned above. This Court ruled in LTX's favor, based on ambiguities in the third criteria and the governing UCC theories of implied warranties, and held that LTX was entitled to refuse the cable assemblies. 732 F.Supp. at 1237–38. The First Circuit Court of Appeals reversed. 926 F.2d at 1269. The Court held that the contract was binding on both parties because criteria three was not ambiguous. *Id.* at 1261. It rejected the implied warranty theories, holding that, as the contract was for the sale of services, not goods, the UCC was not applicable.

### II.

Before determining the judgment, this Court will briefly analyze the settlement agreement in light of the Circuit Court decision. As noted above, the Circuit Court held that the settlement agreement between LTX and ITT was a binding contract containing unambiguous language for the third testing criteria. Under this agreement, ITT was not obligated to deliver commercially usable, durable cable assemblies, but only to deliver assemblies that met ITT's test of continuity. 926 F.2d at 1265.

Based on the findings of this Court at trial, and the stipulations of the parties prior to trial, LTX refused to take delivery and pay for the cable assemblies. 732 F.Supp. at 1233. Further, as this Court noted, the parties do not dispute that the cable assemblies passed the ITT testing

process. *Id.* Thus, as LTX refused to take delivery and pay for the cable assemblies as per the agreement, this Court finds that LTX materially breached the agreement.

Given that LTX materially breached the contract, this Court must assess damages. At trial, this Court found that, if LTX was required to purchase the cable assemblies, the price would be $538,372.00, exclusive of interest. *Id.* In addition, this Court found that the cable assembly "is a special purpose item which has virtually no functional use or market value except in connection with the LTX testing equipment." *Id.* at 1227. Based on this price, and the fact that the commercially unusable assemblies cannot be resold, this Court now awards damages to ITT for $538,372.00, plus prejudgment interest.

State law governs the issue of prejudgment interest for recovery under a successful state law cause of action, such as this contract action. *Doty v. Sewall*, 908 F.2d 1053, 1063 (1st Cir.1990). According to the appropriate Massachusetts statutory provision, prejudgment interest shall be awarded "at the rate of twelve per cent per annum from the date of the breach or demand." Mass.Gen.L. ch. 231, § 6C (1990). As this Court noted in its decision, ITT's date of demand for payment was March 9, 1988. *ITT Corp.*, 732 F.Supp. at 1233. Thus, prejudgment interest shall be calculated on $538,372 from March 9, 1988.

Lastly, in its post-appeal brief, LTX has requested that this Court require ITT to deliver the cable assemblies in exchange for the sum it owes. This Court denies this request. It is well established, under Massachusetts contract principles, that "a material breach by one party excuses the other party from further performance under the contract." *Ward v. American Mutual Liability Ins. Co.*, 15 Mass.App.Ct. 98, 100, 443 N.E.2d 1342 (1983); *see also Center Garment Co. v. United Refrigerator Co.*, 369 Mass. 633, 639, 341 N.E.2d 669 (1976); *Quintin Vespa Co. v. Construction Serv. Co.*, 343 Mass. 547, 554, 179 N.E.2d 895 (1962); *Aerostatic Engineering Corp. v. Szczawinski*, 1 Mass.App.Ct. 141, 145, 294 N.E.2d 521 (1973). As this Court has found that a material breach has occurred, ITT is excused from performance under the contract.

Accordingly, this Court enters a judgment of $538,372.00, plus prejudgment interest, for plaintiff ITT.