Furnari, J.
This is an action pursuant to G.L.c. 93A, §11 for the defendant-dealer’s unfair and deceptive conduct in selling a 1967 Chevrolet Corvette with forged engine numbers.
The trial court entered judgment for the plaintiff, and assessed statutory, punitive damages in the amount of $54,600.00 plus attorneys’ fees and costs.
Conclusive evidence at trial of the defendant’s blatant misrepresentations and willful violations of G.L.c. 93A has eliminated any question on this appeal of the defendant’s culpability. The defendant instead seeks to avoid liability solely upon the contention that the plaintiff failed to satisfy his burden of proving that he was the *16 purchaser of the vehicle in question. The defendant argues that the plaintiff, admitted in his complaint that he was acting as the disclosed agent of North Shore Auto Imports, Inc. (“North Shore”), and is thus not the real party in interest with the requisite standing to bring this suit.[2] North Shore is not a party to this action.
A brief review of the evidence adduced at trial is in order. Plaintiff Allen 0. Weiss (“Weiss”) was engaged in the purchase and sale of classic or antique autos on his own behalf and for resale to dealers. In 1989, Weiss attended a classic car auction in Topsfield, Massachusetts which included the sale of a 1967 Chevrolet Corvette owned by the defendant, an automobile dealership incorporated in New Hampshire.
The Corvette bore a sign which stated: “Correct Numbers.” In the trade of classic automobiles, the term “correct numbers” or “original numbers” signifies that all vehicle identification numbers are those placed on the vehicle by the manufacturer, and that the serial number on the engine thus corresponds with the Vehicle Identification Number on thebody of thecar.Theabsence of “correctnumbers” indicates that the original engine has been replaced and that the value of the vehicle as aclassic auto has been substantially diminished.
During the auction of the Corvette, defendant's president Ronald Currier (“Currier”) made affirmative, oral representations to the auctioneer and to the assembled buyers that the vehicle had “original numbers.” Because the vehicle would have been worth $47,000.00 with correct numbers, Weiss successfully bid this amount and was sold the car. Before Weiss tendered payment, Currier represented to him that the original papers on the Corvette, which were in his safe, documented that the numbers on the vehicle were correct. Weiss then issued a personal check in the amount of $47,000.00 to the defendant as payment for the vehicle. The check was drawn on Weiss’ individual account which contained his own funds and not those of North Shore.
Upon subsequent examination of the Corvette, Weiss discovered that the engine serial number had been ground down and that a forged number with clearly crooked numerals had been embossed in its place. The trial court found that “the condition would have been obvious to anyone with even superficial knowledge of such matters, including Mr. Currier who knew or should have known of the situation.” As sold to Weiss with forged numbers, the Corvette was worth only $28,200.00. Weiss subsequently demanded a rescission of the transaction and a refund of his purchase money and, upon the defendant’s refusal to make any settlement, instituted this action.
Weiss testified at trial that he purchased the Corvette in his individual capacity for resale to North Shore. Weiss then introduced into evidence an odometer statement and purchaser invoice, which had been issued by the defendant to Weiss as an individual, and his personal check which had been accepted by the defendant as payment for the vehicle.
At the conclusion of the plaintiff s case, the defendant filed a “motion for a directed finding” on the grounds that Weiss had failed to establish by a preponderance of the evidence that he was the purchaser of the vehicle in question, and had admitted in his complaint that he was instead the disclosed agent of North Shore. The trial court denied both the defendant’s motion, and the plaintiff’s motion to amend the report by deleting all allegations of agency.
The defendant then introduced copies of the bill of sale and certificate of title for the Corvette in which the defendant had named North Shore as purchaser. It was *17 established, however, that Weiss had specifically instructed the defendant to designate North Shore as the title holder on these documents.
The defendant now claims to be aggrieved by the denial of its motion for a “directed finding”, and by the following disposition of its request for ruling of law number 8:
In the event that the plaintiff fails to fulfill his burden of proof regarding an essential element of an alleged cause of action, then the court must find for the defendant on such count.
Allowed, but I do not so find.
The court specifically found that Weiss
was engaged in the business of buying and selling antique or classic automobiles on his own behalf and as a subcontractor of North Shore Auto Imports whose license he utilized for that purpose.
1. The defendanf s motion for a “directed finding” and its request for ruling number 8 sought a single determination of law: namely, that the evidence was insufficient to permit a finding in the plaintiffs favor that he acted in his individual capacity in purchasing the defendanf s Corvette. The trial court’s denial of the defendanf s motion and requested ruling must be sustained if “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.’’ Joseph Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 554 (1983).
The defendant contends that no inference in the plaintiffs favor could be permissibly drawn from the evidence because the plaintiff admitted in his complaint that he purchased the subject vehicle as the agent of disclosed principal North Shore.[3] It is undeniable that allegations of fact in pleadings constitute judicial admissions which bind the party making them. G.L.c. 231, §87. See generally, Willett v. Webster, 337 Mass. 98, 101 (1958); Broman v. Byrne, 322 Mass. 578, 580 (1948); Markus v. Boston Edison Co., 317 Mass. 1, 6-7 (1944); Herman v. Fine, 314 Mass. 67, 69 (1943). Evidence contrary to such judicial admission may not be introduced by the party,[4] and any finding inconsistent with such admission must be disregarded on appeal. DeNunzio v. City Manager of Cambridge, 341 Mass. 420, 421 (1960); Bancroft v. Cook, 264 Mass. 343, 348 (1928).
The nature of an allegation in a pleading and the extent to which a party is bound thereby depends, however, upon the trial court’s fair and reasonable construction of such pleading. Steranko v. Inforex, Inc., 8 Mass. App. Ct. 523, 527-528 (1979). It is clear from the court’s specific findings herein that the trial judge reasonably interpreted the plaintiffs complaint allegation that he attended and participated in the auction as North Shore’s agent as a statement merely of the plaintiffs authorized use of North Shore’s dealer’s license[5] to gain admission and to qualify for bidding at such auction.[6] The plaintiff s agency in the use of North Shore’s license to attend the auction did not necessarily establish his agency in the purchase of the Corvette at the auction “as one may be an agent or a servant as to one part of an undertaking, and an independent *18 contractor as to other parts.” Cowan v. Eastern Racing Assoc., Inc., 330 Mass. 135, 141 (1953), quoting from Khoury v. Edison Elec. Illum. Co., 265 Mass. 236 (1925).
The trial court’s related finding that the plaintiffs relationship with North Shore was, in fact, that of an independent contractor was amply supported by the plaintiff s evidence at trial. The sine qua non of a principal/agent or master/servant relationship is the right of the alleged principal to control. Shea v. Bryant Chucking & Grinder Co., 336 Mass. 312, 314 (1957).
If there is no right of control there is no relationship of master and servant. If the power of control rests with the person employed, he is an independent contractor.
Khoury v. Edison Elec. Illum. Co., supra at 238. There was no suggestion at trial that North Shore exercised any form of control over the plaintiffs selection, bidding or purchase of the Corvette.
2. In the absence of a judicial admission by the plaintiff, there was no evidence which required a finding as a matter of law that the plaintiff purchased the defendant’s Corvette as North Shore’s agent rather than in his individual capacity. Even a question of fact, much less of law, as to the existence of an agency relationship is not presented unless
there is evidence of an appointment by the principal and a delegation to the agent of duties to be performed by himfor the principal, or if the conduct of the parties is such that an inference is warranted that one was acting in behalf of and with the knowledge and consent of another.
Choate v. Assessors of Boston, 304 Mass. 298, 300 (1939). The totality of the evidence presented at trial indicated that the plaintiff made a bid for and purchased the defendant’s Corvette, made payment out of his own funds for such purchase which was accepted by the defendant, received a purchaser invoice and odometer statement in his own name from the defendant and took possession of the vehicle. Other than consenting to the plaintiffs use of its dealer’s license, North Shore appears in this action only as the plaintiffs designee on the certificate of title and bill of sale. It may be reasonably inferred that such designation was designed solely to facilitate the subsequent resale of the Corvette to North Shore. The plaintiffs intent to resell the vehicle to North Shore did not establish that the plaintiff was North Shore’s agent at the time of purchase. See Kline v. Gutzler, 18 Mass. App. Ct. 915 (1984).
There being no error, the report is dismissed.

 An agent for a disclosed principal cannot sue in his own name for breach of a contract made in behalf of his principal, Dwight R. Woodford Co. v. Johnson, 281 Mass. 391, 396 (1933), because “unless otherwise agreed, a person making or purporting to make a contract for a disclosed principal does not become a party to the contract.” Porshin v. Snyder, 349 Mass. 653, 655 (1965). Given our resolution of the issue of the plaintiffs agency, it is unnecessary to reach the plaintiffs argument that its claim is not for breach of contract, but for a G.L.c. 93A cause of action which is sui generis and not subject to the traditional limitations of actions in contract or tort, Slaney v. Westwood Auto, Inc., 366 Mass. 688, 693 (1975),

 We have considered such contention only because the judge’s report to this Division suggests that the plaintiff s complaint allegations were specifically raised by the defendant on its oral motionfor a “directed finding.” No issue as to (he pleadings or a variance between allegations and proof would ordinarily have been raised by the very general ternis of the defendant’s motion and requestfor ruling for a required finding. See Sokoloski v. Splann, 311 Mass. 203, 206 (1942).

 The report is devoid of any indication that the defendant objected, on the grounds of variance, to the admission of evidence contrary to the plaintiffs alleged judicial admission in his complaint In any event, the defendantwaived appellate review of the admission of such evidence by failing to comply with the provisions of Dist/Mun. Cts. R. Civ. P., Rule 64 (a).

 No evidence was reported and no issue has been raised as to the nature, or any restrictions upon the use, of this license.

 It should be noted that the defendant in its answer actually denied the plaintiffs allegation of agency upon which the defendant now relies.