LoConto, P.J.
Aggrieved by the trial judge’s decision, the defendant, Joseph E. Kusiak (“Kusiak”), brought this appeal pursuant to Rule 8C of the District/Municipal Courts Rules for Appellate Division Appeal. The facts necessaiy for an understanding of the issues, as taken from the settled and approved statement of the facts submitted in accordance with rule 8C(e) are as follows. On or about March 6, 1986, the plaintiff Teddy Bear Pools, Inc. (‘Teddy Bear”) entered into an agreement with Kusiak for the installation of a swimming pool and concrete deck around the pool for $15,600.00. Included therein was the requirement that Teddy Bear perform all .the excavation and backfilling, remove the existing hatchway, concrete stairs and concrete walls leading to Kusiak’s cellar. Teddy Bear subcontracted, with Allen Industries, Inc. (“Allen”) to install the concrete pool deck. Kusiak entered into a separate agreement with Allen to install a concrete cabana deck adjacent to the concrete pool deck for $4,400.00. Claiming that Teddy Bear and Allen did not properly perform their obligations, Kusiak refused to pay Teddy Bear the balance of $9,100.00, and Allen the balance of $2,050.00. On or about May 6,1987, Teddy Bear commenced this action against Kusiak, grounded in breach of *9 contract and quantum meruit. Kusiak counterclaimed alleging breach of contract, breach of express and implied warranties, negligence and violations of Chapter 93A. Kusiak also initiated a claim against Allen similarly grounded. Allen counterclaimed Kusiak to recover the $2,050.00, remaining unpaid. After trial, the court issued its Finding and responded to the parties’ requests for findings of fact and rulings of law. The court found for Teddy Bear on both counts, with one recovery, in the amount of $9,100.00. It also awarded Kusiak $15,000.00 as against Allen on count one (Breach of Contract), and $3,000.00 against Teddy Bear and Allen on the remaining three counts of its counterclaim. Lastly, the court dismissed the remaining count of Kusiak’s counterclaim and dismissed the counterclaim of Allen against Kusiak. On September 4, 1998, the court denied Kusiak’s post judgment motion to alter or amend the findings or rulings, to make additional findings or rulings, for a new trial, and/or to enter a new judgment.
Kusiak suggests three specific errors on appeal. First, that the trial court erred in awarding damages to Teddy Bear for breach of contract notwithstanding that it had materially breached the contract. Second, that the trial court erred in not awarding damages for Teddy Bear’s improper installation of the swimming pool. And third, that the trial court erred for not awarding damages on account of the mud and water that entered the cellar as a result of Teddy Bear leaving the concrete pool area open during excavation.
Material Breach. The trial judge made no subsidiary findings of fact but answered one hundred sixteen specific requests for findings of fact and rulings of law. He allowed requested findings of fact that Teddy Bear was responsible for installing the concrete pool deck and that it subcontracted with Allen to install same. He allowed findings of fact that Teddy Bear failed to properly install the pool “since (among other things) the sides of the pool are uneven and not level, one comer of the pool is at least one inch lower than the other corners and the pool at the other comer is splitting” and “that the concrete pool deck contains substantial cracks and separations.” He also allowed a ruling that the evidence warranted a finding that Teddy Bear materially breached the contract and/or express or implied warranties relating to the pool and the related concrete work but only as to the work performed by Allen. By implication, the mling suggests that the trial judge failed to distinguish Allen’s obligation to Teddy Bear as a subcontractor and its obligations to Kusiak on its separate contract. The trial judge’s entry of judgment for Kusiak on its claim against Allen for $15,000.00, when the contract entered into between the two for the installation of a concrete cabana deck was for only $4,400.00, also supports this conclusion. Any work performed by Allen with respect to the installation of the pool or the concrete pool deck relates to the contract between Teddy Bear and Kusiak, and not between Kusiak and Allen. In addition, he found in favor of Kusiak against Teddy Bear and Allen on his counterclaims grounded in claims of breach of implied warranty of merchantability, fitness for a particular purpose and negligence. Where the trial court found that Teddy Bear materially breached the contract, we rule that it relieves Kusiak from further performance under the contract, Ward v. America Mutual Insurance Co., 15 Mass. App. Ct. 98 (1983). A contractor who breaches the contract relating to the construction of a pool and deck in numerous and substantial respects and fails to show an excuse for the non performance is not entitled to recover under his contract or on a theory of quantum meruit for the work completed. Keene v. Gould, 3 Mass. App. Ct. 731 (1975). The trial court’s finding that Kusiak’s obligations were not excused by Teddy Bear’s material breach was prejudicial error. The order for judgment for $9,100.00, in favor of Teddy Bear against Kusiak requires reversal, and we order that judgment enter for Kusiak on those counts.
Improper Installation. Kusiak claims that the trial judge erred in not awarding him damages for the improper installation of the swimming pool. He requests that *10 we remand the case to the trial judge for a determination of the amount of damages he is entitled to recover. We decline to do so. The trial'judge found in favor of Kusiak against Teddy Bear and Allen on counterclaims alleging breach of implied warranties of merchantability, fitness for a particular purpose and negligence and awarded damages in the amount of $3,000.00. Contrary to Kusiak’s argument that the above mentioned finding represents damages with respect to the concrete pool deck only, he prevailed in his counterclaim that sought recovery for the failure “to provide the defendant with a heated lap swimming pool, related equipment and concrete work in connection therewith which was free from defects and was suitable and safe.” Kusiak’s argument is that the trial judge’s findings with respect to these claims are clearly erroneous and an abuse of discretion. He appropriately preserved the issue on appeal by first giving the trial judge an opportunity to alter or amend his judgment, or to grant a new trial. Deane Building Associates, Inc. v. Bruffe, 47 Mass. App. Dec. 78 (1971).
Damages are always a question of fact and as such are rarely reviewable by an Appellate Division. Freeman v. Marchi, 30 Mass. App. Dec. 114 (1965). An award of damages will not be disturbed on appeal unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law. Anzalone v. Strand, 14 Mass. App Ct. 45 (1982). An “abuse of discretion” consists of judicial action “that no conscientious judge, acting intelligently, could honestly have taken.” Bartley v. Phillips, 317 Mass. 35, 42 (1944). We find no abuse of the judge’s discretion as it relates to the award of damages to Kusiak on his counterclaim, notwithstanding our decision to reverse the trial judge on his finding in favor of Teddy Bear on its claim against Kusiak. We cannot state that upon review of the entire record we are left with a definite and firm conviction that a mistake has been committed with respect to this specific claim. Freyermuth v. Lufty, 376 Mass. 612 (1978).
Injury To Property. Kusiak claims error in the trial judge’s failure to award any recovery for the damage caused by the rain water and mud that entered Kusiak’s cellar during construction. He claims that $10,168.00 in damages resulted from Teddy Bear leaving the concrete pool deck area open during the excavation of the pool. However, the trial judge specifically allowed a request that Kusiak’s failure to enclose the pool and deck was the proximate cause of drainage problems and that Teddy Bear is not liable for damages which arose as a result of the defendant’s failure to enclose the pool as he originally indicated was his intention. Although not required in a civil action tried without a jury in the District Court, “ [i]f a judge’s findings of fact are adequate-under the ‘clearly erroneous’ test articulated by Mass. R. Civ. P., Rule 52(a), 365 Mass. 816 (1974), even though taken largely from findings proposed by counsel, then the central purpose called for by the need to prepare findings has been satisfied.” See First Pa. Mortgage Trust v. Dorchester Sav. Bank, 395 Mass. 614, 622 n.12, 481 N.E.2d 1132 (1985). “Findings of fact should not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” Mass. R. Civ. P., Rule 52(c). We discern no reason to set aside the trial judge’s finding with respect to this claimed error.
Appellate Decision Order. As to counts I and II of the complaint of the plaintiff, Teddy Bear Pools, Inc. against the defendant Joseph E. Kusiak, we order that the Clerk Magistrate of the Springfield District Court vacate the judgment for the plaintiff, Teddy Bear Pools, Inc. and enter judgment for the defendant, Joseph E. Kusiak. As to the remaining claims, we dismiss the appeal.