Bernstein, J.
This action arises out of the delinquent credit debt of Robert Man-netta (“defendant”). Arrow Financial Services, LLC., (“plaintiff) is the assignee of Bank One, the predecessor holder of the debt Plaintiffs motion for judgment on the pleadings was allowed by a motion judge as to liability only. Thereafter on March 8,2001, an assessment hearing, was held before Summerville, J. At issue is whether the evidence presented at the assessment hearing required a finding of damages for the plaintiff.
Plaintiffs complaint filed in 1999 alleged that defendant owed $3,698.13. The complaint was accompanied by a statement of damages, an affidavit of plaintiffs customer accounts manager, and a transaction description stating the balance due on account number 6019180311884171. In response, defendant, acting pro se, sent a letter to the court, disputing the amount owed and stating that since the time of the charge in 1991, his account number was 4-3840382-15814, and the statements in 1991 reflected a credit of $100. He explained in his response that he had called Bank One on several occasions prior to 1996 to clarify file account balance, but was told that he had a credit of $100. Subsequently, in 1996 the defendant received a statement from Bank One with a new account number, 4-3840352-18043, showing a balance of $2,018.99. In his response, defendant offered to pay either the $2,018.99 amount in monthly installments of $50.00 each or a lump sum payment of $1,009.50. Subsequent to the allowance of plaintiffs motion for judgment on the pleadings and in anticipation of the assessment hearing, defendant sent a second letter to the court, stating that the amount of the original bill was $1,844.94. He offered in the letter to make a lump sum payment of $1,000 to settle the account, and requested that his credit be restored. In the alternative, he offered to pay the total amount in monthly installments of $20.00.
Plaintiff contends these letters contain binding admissions that a debt was owed, and that because of these admissions, an award of damages was required. We construe these letters not to be admissions to the allegations, but rather as an offer for settlement and an answer to the complaint. While offering to settle for a certain sum, defendant consistently denied owing the amount claimed. Where a party in short and plain terms denies the averments, then those denials “shall fairly meet the substance of the averments denied.” Mass. R. Civ. R, Rule 8(b). The extent to which a defendant is bound by his answer depends on the judge’s fair and reasonable construction thereof. Weiss v. Currier’s Hilltop Chevrolet, Inc., 1993 Mass. App. Div. 15, 17 (1993). Here, the court reasonably could consider the defendant’s letters to be settlement offers, and general denials to the allegations in plaintiffs complaint
In addition, there was conflicting evidence in the record concerning this debt Plaintiff’s evidence consisted of an affidavit of a customer accounts manager and *34 transaction description which showed an account number that did not match any of the account numbers on defendants statements. The record lacked any further documentation supporting the debt claimed.
Computation of damages is a factual determination and will not be disturbed on appeal “in the absence of a clear indication that the assessment was tainted by error of law.” Cimino v. Perfection Autobody, Inc., 1998 Mass. App. Div. 109, 111 (1998); see Teddy Bear Pools, Inc. v. Kusiak, 2000 Mass. App. Div. 8, 10 (2000). “[T]he complaining party must establish its claim upon a solid foundation of fact and cannot recover when any essential element is left to conjecture, surmise or hypothesis.” See Mutual Oil Co., Inc. v. A.A. Sunoco, Inc., 1999 Mass. App. Div. 176, 177 (1999); where the hank represented to defendant that for five years he had a credit of $100, and sent another invoice in 1996 with a new account number claiming an amount owing, a required finding of damages was not conclusively warranted.
Therefore, we conclude that because the evidence did not require a finding of damages for plaintiff, the trial court acted within its discretion. This record does not create the “definite and firm conviction” that the judge committed error in awarding no damages to the plaintiff. Teddy Bear Pools, Inc. v. Kusiak, supra. Accordingly, the appeal is dismissed.