NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-536

KIMBERLY G. GRANATINO & ASSOCIATES, P.C.

vs.

JOHN AFANASIW.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This action arose out of appellant Attorney Kimberly

Granatino's representation of appellee John Afanasiw in his

divorce action in Plymouth County Family and Probate Court. It

was brought by appellant Granatino seeking to recover

outstanding legal fees. Afanasiw filed a counterclaim, which

was ultimately amended to include claims against Attorney

Granatino for negligence (malpractice claims)[1] and unfair or

deceptive acts or practices pursuant to G. L. c. 93A.

A jury trial was held, with the judge reserving Afanasiw's

93A claim. The jury returned verdicts for Granatino for breach

---

[1] Afanasiw's claims of negligence were decided by the jury in his favor. Granatino raises no arguments about these claims in her appeal.

of contract and quantum meruit and a verdict for Afanasiw on his malpractice claims. By agreement, the quantum meruit judgment was dismissed as duplicative. The original judgment of April 1, 2021, was amended on January 24, 2023, by assent of all the parties, to reflect what they agreed was the proper eighteen percent interest on Attorney Granatino's jury award for breach of contract damages.

After the jury verdicts, the case proceeded to a bench trial to address Afanasiw's claim under G. L. c. 93A. The parties agreed that the judge would consider all of the evidence presented at the previous jury trial as well as supplemental evidence presented in support of the 93A claim. At the end of the bench trial, both parties moved for judgment as a matter of law, and the judge denied both motions.

The judge issued detailed findings of fact, rulings of law, and an order for judgment on the 93A count. The judge found that Granatino had committed knowing or willful violations of 93A and awarded treble damages and attorney's fees and costs. Granatino filed a motion for a new trial, and Afanasiw filed a motion for relief from the jury's verdict on the breach of contract claim. The judge denied both motions. Granatino filed a motion for reconsideration of the denial of her motion for a new trial, which was denied. Afanasiw filed a motion to assess

2

attorney's fees, which was allowed in part. The judge also allowed in part Granatino's motion for attorney's fees for the breach of contract claim.

Granatino filed this appeal and Afanasiw filed a cross appeal. Granatino seeks to have the judge's findings of fact, rulings of law, order for judgment, and amended judgment on the 93A claim vacated. In the alternative, she seeks a new trial on the 93A claim. In addition, she seeks reversal of the order denying her motion for judgment as a matter of law regarding the 93A claim, the order partially denying her motion for attorney's fees, and the order partially allowing Afanasiw's motion for attorney's fees.

Afanasiw cross-appealed from the order denying his motion for judgment notwithstanding the verdict with respect to the breach of contract jury award. However, Afanasiw did not pay the docket fee for his cross appeal as is required pursuant to Mass. R. A. P. 10 (a) (1), as appearing in 481 Mass. 1618 (2019). Granatino moved to strike Afanasiw's cross appeal, and Afanasiw filed a motion for leave to pay the docket fee late. A single justice of this court denied Afanasiw's motion without prejudice because Afanasiw had not shown good cause. As Granatino's motion to strike had been referred to this panel, the single justice also referred Afanasiw's motion to this

3

panel, "to decide whether there is a meritorious cross appeal that should be heard and decided."  The single justice permitted Afanasiw to file a revised motion supported by an affidavit, but Afanasiw did not do so.

1.  Discussion.  Granatino's appeal from the 93A judgment.
The facts of the case are well known to the parties and are set forth in great detail in the judge's findings of fact, rulings of law, and order for judgment on Afanasiw's G. L. c. 93A, § 9, claim, dated March 10, 2020.  They will not be repeated here except as necessary to address the particular issues before us.
"To state a claim under the consumer protection statute, G. L. c. 93A, § 9, a plaintiff must allege facts sufficient to establish four elements:  first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce;' third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive conduct was a cause of the injury."  Rafferty v. Merck & Co., 479 Mass. 141, 161 (2018), quoting G. L. c. 93A, § 2 (a).  "We review a judge's findings of fact under the clearly erroneous standard and [their] conclusions of law de novo. . . .  A ruling that conduct violates G. L. c. 93A is a legal, not a factual, determination[,]. . . [a]lthough whether a particular set of

4

acts, in their factual setting, is unfair or deceptive is a question of fact."  Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 171 (2013), quoting Casavant v. Norwegian Cruise Line Ltd., 460 Mass. 500, 503 (2011).

Granatino argues first that there was clear error in the factual findings underpinning the judge's conclusion that she engaged in unfair or deceptive acts or practices.  The judge made many factual findings concerning Granatino's conduct, but the findings of unfair or deceptive acts or practices were these:  The judge stated,

> "Granatino purposefully billed Afanasiw at her attorney's rate of $300 per hour when the work was actually performed by her paralegal and should have been billed at the lower rate.  Moreover, Granatino took the extra step of deliberately changing some of her paralegal's billings to her own before sending the invoices out to Afanasiw. Granatino also billed Afanasiw for the same work performed by herself and her paralegal."

The judge also found that,

> "[a]t some point in 2013, during her representation, Granatino directed Afanasiw to pay $1,000 to [his wife's] Attorney Raymond Arabasz. . . .  Granatino told Afanasiw that his payment was necessary in order to move the case forward but did not otherwise specify the purpose of the payment.  Afanasiw paid Arabasz $1,000 per the direction of Granatino."

This payment was separate from the payment of any amounts by Afanasiw to his wife or to his own attorney.  The judge said, "The court also finds that Granatino's request for payment from

5

Afanasiw directly to Arabasz without any explanation as to the reason for the payment is an unfair and deceptive act."

There are other factual findings describing conduct by Granatino. The judge found that Granatino's paralegal's hourly rate was increased from $150 to $175 per hour at some point during Granatino's representation of Afanasiw, without notice to Afanasiw. The judge found that Granatino never followed up to obtain more information about $48,000 that Afanasiw told her he thought was part of the marital estate and being hidden by his wife in a bank account in the name of his stepdaughter. He also found that Granatino presented Attorney George Marlette as an independent attorney with whom she shared office space, but that she neglected to explain that she was also engaged in a personal relationship with Marlette. Marlette advised Afanasiw that the settlement agreement proposed by his wife was "about the best deal [Afanasiw] was going to get." And later, when Marlette contacted Afanasiw to encourage him to pay his outstanding legal bills from Granatino, Afanasiw told Marlette that he was contemplating bankruptcy, to which Marlette responded that outstanding legal fees might survive a bankruptcy discharge.[2]

---

[2] Marlette initially acted as trial counsel in this action to collect outstanding legal fees from Afanasiw. Afanasiw moved to disqualify Marlette, and although that motion was denied, Marlette withdrew as Granatino's counsel in the middle of the 93A bench trial and she retained successor counsel.

6

But these findings about Attorney Marlette did not explicitly form the basis for the judge's finding of a 93A violation by Granatino.

We conclude that there was factual support for the judge's finding that Granatino had wrongly billed her paralegal's work under her own name, at a rate twice that she charged for paralegal work, and thus no clear error in that finding. In particular, there was evidence that in Afanasiw's divorce case, the paralegal drafted the complaint, but Granatino billed it at her higher rate, the invoice stating that she herself had done that work. There is no error in the judge's conclusion that this amounts to an unfair or deceptive act or practice, and this alone supports the judgment on the 93A claim.

The judge's finding about the payment to opposing counsel also was not clearly erroneous as it was well supported by the evidence. We also see no error in the conclusion of the judge that on these facts and circumstances, requesting an irregular payment directly to opposing counsel with no explanation -- something for which we cannot readily imagine a proper explanation -- is also an unfair or deceptive act or practice.

Much of Granatino's brief is focused on an attachment to Afanasiw's proposed findings of fact filed about a month after the close of all evidence, which was denominated "Exhibit C."

7

Granatino argues that this was new evidence considered by the judge but not properly before him because it was submitted after the close of all evidence. She also argues that Exhibit C was misleading and mischaracterized the evidence. She is mistaken. Exhibit C is nothing but a marshaling of evidence admitted during the trial, in the form of a table summarizing alleged irregularities in invoices and billing records, designed to demonstrate for the judge's benefit what Afanasiw was alleging were improper practices. There was thus no error in Afanasiw's submitting this nor the judge's considering it. See Mass. G. Evid. § 1006 (2024).

We do, however, see an issue with respect to the calculation of at least some of the damages based on arguments made by Afanasiw in Exhibit C. For example, there are places where Exhibit C identifies instances that Afanasiw asserts are double billing. These include the invoices showing work on a letter by the paralegal and work on a letter by the attorney, multiple billing entries regarding drafting of certain documents, and both the paralegal and attorney billing for attending the same meeting.

We find no support anywhere in the testimony, however, for a conclusion that Granatino engaged in double billing. And the language of these invoices alone is insufficient to support a

factual finding by a preponderance of the evidence that these were charges for the same work, rather than for Granatino's review of the paralegal's work, for work on two different letters, or for the normal practice of a paralegal and an attorney both attending the same meeting.

Consequently, we think the calculation of damages, which included adoption of Exhibit C's calculations treating these records in this way, was in error.[3] While expressing no conclusion on the proper measure of damages in a case like this, where witnesses may not remember all the details of the work or billing, we vacate the amended judgment's award of damages on the 93A claim and remand to the trial court for a recalculation of damages.[4] Because we affirm the underlying decision that Granatino violated 93A, we find no error in the denial of Granatino's motion for new trial.

---

[3] There were at least some actual damages in the case that have clearly been proven, for example, the amounts for preparation of the complaint billed at the attorney's rate that were above what would have been billed at the proper paralegal rate.

[4] We leave undisturbed the judge's decision to treble damages due to the knowing and willful nature of Granatino's conduct. However, we note that one of the unfair or deceptive practices found and relied on by the judge in his decision on the 93A claim was double billing. Consequently, on remand, in light of our conclusion, should the judge choose to, he may reconsider whether the remaining deceptive acts or practices warrant a treble damage award, a question on which we express no opinion.

2.  Afanasiw's cross appeal.  Turning to the cross appeal, we must first decide the two open motions before us: Granatino's motion to strike Afanasiw's cross appeal and Afanasiw's motion for leave to pay docket fee late.  A cross appellant must pay a docket fee within fourteen days after receiving the notice of assembly of the record, or must request a waiver of the fee within that time.  Mass. R. A. P. 10 (a) (1) (A).  A single justice may, on motion, enlarge the time for docketing the appeal or permit late docketing, Mass. R. A. P. 10 (a) (3), but only if "'excusable neglect' or 'good cause'" is shown.  Giacobbe v. First Coolidge Corp., 367 Mass. 309, 315-316 (1975).

In this case, the single justice held that Afanasiw's motion did not show good cause, so he denied Afanasiw's motion without prejudice and referred it to this panel, noting that Afanaisw was permitted, but not required, to file a revised motion supported by an affidavit describing the circumstances that led to the delay in paying the docket fee.  Afanasiw did not file a revised motion or affidavit, and his original motion provides no cause, let alone good cause, for his failure to pay the docket fee on time.  Therefore, we cannot find that Afanasiw has shown good cause to pay the docket fee late.  The motion to

10

strike therefore must be allowed and the motion to pay the docket fee late, denied.

In any event, were we to reach the merits of Afanasiw's cross appeal, which have been briefed, we would find his cross appeal to be without merit.

Afanasiw argues that in light of the judge's findings and conclusions with respect to the 93A claim, the judgment against him for breach of contract cannot stand, and that he is entitled to judgment thereon. He points out that "[i]t is well established that a material breach by one party excuses the other party from further performance under the contract," Ward v. American Mut. Liab. Ins. Co., 15 Mass. App. Ct. 98, 100 (1983), suggesting that Granatino's actions materially breached the contract, relieving him from the duty of performance. The judge concluded, however, that Afanasiw was not entitled to judgment on the contract claim, as he had never raised breach in defense of the claim, either before or during the trial on the contract claim. We see no error in that conclusion.

Afanasiw also argues that the fee agreement was unconscionable. He does not specify in what way the contract itself was, in his view, unconscionable, and we therefore are not persuaded.

11

3. Attorney's fees. Granatino appeals from the award of attorney's fees to Afanasiw, arguing that he should not have been awarded any attorney's fees because his claims were "false and frivolous." She also appeals from the partial denial of her attorney's fees, stating that she should have been granted the full amount that she requested because of Afanasiw's "frivolous counterclaims and his counsel's inappropriate and unethical conduct during trial." We disagree that Afanasiw's 93A claim was frivolous. We find no abuse of discretion or clear error in the judge's decisions partially allowing attorney's fees for both Granatino and Afanasiw.

Afanasiw seeks appellate attorney's fees, arguing that he is entitled to them as the prevailing party under the 93A claim, which is correct. Siegel v. Berkshire Life Ins. Co., 64 Mass. App. Ct. 698, 707 (2005). Afanasiw is entitled to an award of fees and costs in connection with his successful opposition to Granatino's appeal from the judgment on the 93A claim. Within thirty days of the issuance of the decision in this case, Afanasiw may apply to the panel for an award of appellate attorney's fees and costs, in accordance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004). Granatino will then have fourteen days thereafter to respond.

12

Conclusion.  The amended judgment dated January 24, 2023, is affirmed in all respects except as to the calculation of damages on the G. L. c. 93A claim.  That portion of the amended judgment is vacated, and the case is remanded for a recalculation of damages on that claim.

So ordered.

By the Court (Rubin, Grant & Hershfang, JJ.[5]),

Clerk

Entered:  October 7, 2024.

---

[5] The panelists are listed in order of seniority.